## MAVERICK V. DUFFEE.

1. A plea in abatement, that no copy of the writ was served on the defendant, is bad on demurrer.
2. The only manner in which advantage can be claimed of such an irregularity, is by motion to the Court to which the writ is returnable, which is authorized to make such order as will prevent inquiry and advance the justice of the cause.

Writ of error to the Circuit Court of Tuscaloosa county.

ACTION of debt.   Plea in abatement of the action, because a copy of the writ was not served on the defendant as required by law, in this, that the paper purporting to be such copy, required the defendant to appear on the first Monday in February, 1839.   Demurrer and judgment thereon, in favor of the defendant.   The plaintiff then replied to the plea, and an issue being formed, to the country, was found in favor of the defendant, who had judgment.

The judgment on the demurrer is assigned as error.

PECK, for the plaintiff in error, cited Aikin's Dig. 278, § 111, and insisted that a mistake in the copy of the writ, was a mere irregularity, of which no advantage could be claimed by plea. If available in any way, the return of the sheriff should have been amended, or an application made to the court, to set it aside.

W. COCHRAN, contra.   The right to receive a copy was secured by statute, and the question raised could only be so by plea.   Aik. Dig 278, § 112: Story's Pleadings, by Oliver 118, 119: Johnson v. Perry [4 S. & P. 45:] Howell v. Hallett [Minor 102 ]

GOLDTHWAITE, J.—1. The officer serving the writ, is directed by the statute to leave a copy with the defendant at the

time of service, (Aik. Dig. 278, § 112;) but this provision was not intended to confer a right on the defendant to avoid the process, if the copy was not served. It was, in our opinion, to relieve the plaintiff from the necessity of serving a copy of the declaration. We are not aware that it has ever been held, either in England or in these States, where this practice yet obtains, that a mistake in the declaration would render the service of the writ nugatory. If injustice has been done, or an attempt is made to use the process to the injury of a suitor, it is clearly within the power, as it might be the duty, of a court, to interfere and set aside irregular process.

The plea in this case, however, assumes that the law gives to the defendant a right to the service of a copy of the writ, without which, the service is nugatory and voidable. If this is so, an exact copy can be required, for it is impossible to define any limits to the right, which are not prescribed by the statute: but if the old practice of serving a copy of the declaration was alone intended to be abrogated by this enactment, and a more convenient practice substituted, then it is very clear, that no right was conferred on the defendant, but the practice substituted must be governed by rules, similar to those which obtained previous to its alteration.

2. We are of opinion, that no irregularity in the copy of a writ, can be pleaded in abatement, and that the only mode by which advantage can be claimed, is by a motion to set aside the service for irregularity, which can be granted in the exercise of a sound discretion, if it is necessary to prevent an injury to the defendant, or to advance the justice of the cause.

The Circuit Court having erred in sustaining the plea in abatement, its judgment is reversed, and the cause remanded, with instructions to sustain the demurrer.