## COTTON v. HUEY & Co.

1. A suit commenced by attachment is within the law forbidding process, &c. to be served on Sunday.
2. When an attachment is levied on Sunday its service cannot be abated by plea. The proper course is to move the Court to set aside the process for irregularity.

Error to Talladega Circuit Court.

This action was commenced by attachment, by the defendants against the plaintiff in error.

The defendant pleaded in abatement of the service of the attachment, that it was levied on Sunday, without the oaths of two persons that the defendant intended to withdraw himself from the State under cover and protection of the first day of the week.

To this plea the plaintiffs demurred, and the Court sustained the demurrer.

Judgment being rendered for the plaintiffs, the defendant prosecutes this writ. and assigns for error the judgment of the Court on the demurrer.

Chilton, for plaintiff in error.

The attachment law is inclu 'ed within the general terms of the law against vice and immorality, forbidding process to be served on Sunday, [Aik. Dig. 440,] and the proper mode of taking advantage of it is by a plea in abatement to the service. He cited 3d Johnson 250; 20th ib. 140; 8 Term Rep. 86.

Rice, contra, contended that the law did not apply to attachments, but that if it did, advantage could not be taken of it in this mode. The defendant should have moved to set it aside for irregularity.

Ormond, J.—The act under which this plea was filed declares, in substance, that no one shall serve or execute upon Sunday, or the first day of the week, any "writ, process, or-

der, warrant, judgment or decree," except in criminal cases, or for a breach of the peace, unless oath be made by two reputable persons, that the person on whom the process is to be served intends to withdraw himself and escape from this territory under cover and protection of the said first day of the week, commonly called Sunday, and that service on that day, without the oaths of two persons as aforesaid, shall be utterly void to all intents and purposes. [Aik. Dig. 440.]

We entertain no doubt that the Legislature intended to include in the prohibition all civil process. The terms employed are as comprehensive as the language affords, to include every description of civil process. The proceeding by attachment is as much a suit as if commenced in the ordinary mode, by *capias*, the warrant being by the attachment law declared the leading process in the suit. A similar statute in England has always received a liberal interpretation to advance the manifest design of the Legislature. [Taylor v. Philips, 3 East. 155.] The obvious design of the Legislature was to prevent the spread of vice and immorality by the desecration of the first day of the week to common secular purposes, unless justified by the necessity of the case. In addition we are clearly of opinion that the service of an attachment is within the letter of the prohibition.

We think, however, that the objection of the defendant's counsel, that advantage cannot be taken of it in this mode, must be sustained. The proper mode of taking advantage of any defect in process, or irregularity in the service, is by motion to the court to stay proceedings. [1 Sellon's Practice, 101.] This was in effect decided by this court in Maverick v. Duffie, [1 Ala. Rep. 433,] where it was held that a plea in abatement that no copy of the writ was served on the defendant was bad on demurrer, but that a motion should have been made to the Court to set aside the process for irregularity. This was the course pursued in the case of Taylor v. Phillips, cited from 2 East. 155, where the process was set aside because served on Sunday, under a statute like ours even after acts by the defendant which, if the service had not been absolutely void, would have been a waiver.

The impropriety of the course attempted in this case will be obvious when we consider the nature of a plea in abatement,

8

which must give the plaintiff a better writ. Now, here there is no objection to the writ, but an irregularity is complained of in its service. This is an objection which does not reach the writ, and therefore does not abate it.

It results from this examination, that there is no error shown by the record, and the judgment must be affirmed.