# MATTHEWS *vs.* ANSLEY.

[MOTION TO QUASH ATTACHMENT.]

1. *English statutes of force in this State.*—English statutes, passed in the reign of Charles II, being enacted subsequent to the settlement of this country, are not part and parcel of our common law.
2. *Difference between judicial and ministerial acts.*—The issue of an original attachment by a clerk is a judicial act, but its levy or service by a proper officer is a ministerial act.
3. *Issue and levy of attachment on Sunday.*—It is irregular to issue an attachment on Sunday, though it may be levied or served on that day ; but, if the writ, though actually issued on that day, appears on its face to have been issued on another day, the court cannot direct the clerk to amend the date, and then quash the writ, on motion, on account of the irregularity.

APPEAL from the Circuit Court of Dale.

Tried before the Hon. E. W. PETTUS.

THIS case was commenced by original attachment, sued out on the ground that the defendant absconded to avoid the service of process. At the return term of the writ, the defendant moved to dismiss the levy, and quash the attachment, on the ground that the writ, though pur-

porting on its face to have been issued and levied on Monday, was in fact issued and levied·on the preceding Sunday; and, in support of his motion, proved these facts, against the plaintiff's objection, by the testimony of the clerk and sheriff by whom the writ was issued and levied. The court directed those officers, respectively, to amend the date and return of the writ, so as to make it speak the truth, and then granted the defendant's motion to quash. The plaintiff excepted to each of these rulings of the court, which he now assigns as error.

PUGH & BULLOCK, for the appellant.—1. The court erred in allowing the sheriff to impeach his own return, and directing him, *ex mero motu*, to amend his return.— Doe d. Van Campen v. Snyder, 3 How. (Miss.) 66; P. & M. Bank v. Walker, 3 Sm. & Mar. 421; Shotwell v. Hamblin, 23 Miss. 156. If the defendant was injured by the false return, he had his remedy against the sheriff and his sureties.

2. The same principle applies to the clerk who issued the writ, and to the action of the court in allowing him to testify that it was not issued on the day of its date, and in directing him to amend it.

3. There is no law in this State prohibiting the issue or levy of a writ on Sunday. The act of 1803, prohibiting the service of process on Sunday, has not been carried into the Code. At common law, although Sunday was *dies non juridicus* so far as judicial proceedings were concerned, ministerial acts might lawfully be done on that day.—Mackally's case, 5 Co. Rep. 66; Cro. Jac. 279; 2 Bull. 72; Wilson v. Tucker, 1 Salkeld, 78, note *a;* Drury v. DeFontaine, 1 Taunton, 130; Lyon v. Strong, 6 Vermont, 219; Shippey v. Eastwood, 9 Ala. 198. The statute 29th Charles II, ch. 7, prohibiting the service of process on Sunday, having been enacted subsequent to the settlement of this country, is not of force in this State.—Carter and Wife v. Balfour's Adm'r, 19 Ala. 829. That the issue of an attachment is a purely ministerial act, see Kyle v. Evans, 3 Ala. 481.

Matthews v. Ansley.

MARTIN, BALDWIN & SAYRE, *contra.*—1. No reason is perceived why the sheriff and clerk were not competent witnesses, on a motion to quash the attachment, to prove that the date of its issue and levy, as appeared on its face, was incorrect in point of fact.

2. The attachment was void, because issued and levied on Sunday. Although the act of 1803 is not, in terms, incorporated in the Code, other provisions are there found which clearly show that Sunday is to be considered, as at common law, *dies non juridicus.* By section 13, Sunday is excluded in the computation of time ; by section 1571, contracts made on Sunday are declared void; and section 3302 denounces punishment against those who compel their servants or apprentices to perform labor on that day. At common law, independently of statutory provisions, Sunday was *dies non juridicus,* and all judicial proceedings had on it were void.—Haynes v. Sledge, 2 Porter, 530 ; Sorrelle v. Craig, 9 Ala. 541; Story v. Elliott, 8 Cowen, 30. The issue of an attachment is a judicial act.—*Ex parte* Gist, 26 Ala. 161.

STONE, J.—By the provisions of our territorial statute of 1803, (Clay's Digest, 593,) service of process on Sunday was, in very comprehensive terms, prohibited. In Cotton v. Huey & Co., 4 Ala. 56, this statute was construed by this court; and it was there held, that the process of attachment was embraced in its provisions.

This provision of the act of 1803 is not incorporated into the Code, and we have found no provision of similar import. The only sections which seems to be designed to prohibit worldly employment on the Christian Sabbath, are those numbered 1571, 3302, and 3303. These sections do not bear on the question under consideration.

The doctrine, that English statutes, enacted before the settlement of this country by our ancestors, are part and parcel of the common law, cannot, in any way, affect this question. The earliest statute on this subject was during the reign of Charles II, subsequent to the settlement of this country ; and, under the above rule, it exerts no binding force on us.—See Carter v. Balfour, 19 Ala. 829.

We must, then, resort to the common law, for the rules which must settle the questions raised on this record. It is laid down in books of the highest authority, that, at common law, the Christian Sabbath was *dies non juridicus;* and that no judicial proceeding could be had on that day. It was declared, with equal clearness, that acts purely ministerial might legally be performed on that day.—Mackally's case, 9 Rep. 66; S. C., Cro. Jac. 279 ; Wilson v. Tucker, 1 Salk. 78; Drury v. DeFontaine, 1 Taunton, 135; Lyon v. Strong, 6 Vermont, 219 ; Story v. Elliott, 8 Cowen, 27. See, also, Shippey v. Eastwood, 9 Ala. 198; Hooper v. Edwards, 18 Ala. 280; Sayles v. Smith, 12 Wend. 57.

The service of the process of attachment is a purely ministerial act ; and not being within the provisions of any section of the Code, it follows, that no valid objection can be urged to its execution on the Sabbath day. The issue of the attachment was in its nature judicial. It was not one of the functions of the clerk of the court, *as clerk;*—but was a power conferred on him by the statute. Attachments issued by him were not necessarily returnable to the court of which he was clerk. Hence, in the issue of the attachment in this case, the clerk cannot, with any propriety, be called the ministerial officer of the court.—*Ex parte* Gist, 26 Ala. 156 ; Stevenson v. O'Hara, 27 Ala. 362; Matthews, Finley & Co. v. Sands & Co., 29 Ala. 136.

It results from the above well-ascertained principles of law, that the issue of the attachment on Sunday was irregular ; and, if that fact had appeared on its face, the circuit court would have been fully justified in quashing it. It equally results, that the clerk, not being as to this service the ministerial officer of the court, was not under his control and direction. The case stands precisely as if some other officer, having no connection with the court, had issued the process. In the case last supposed, no one would contend that the court would have had power to order the officer to change the date of the attachment.

Without intending to decide that the defendant in this case was without remedy, we are satisfied the defect could not be taken advantage of in the mode adopted.

The result of this opinion must be, to permit many acts, secular in their purposes, to be done on the Christian Sabbath ; acts, repugnant to the moral and religious sentiments of the public. We have no power to administer the corrective.

The judgment of the circuit court is reversed, and the cause remanded.