31  529
97  681
31  529
102  550

# WALKER *vs.* MOBILE MARINE DOCK AND MUTUAL INSURANCE COMPANY.

1. *Misjoinder of causes of action not available on error.*—Where the complaint shows a substantial cause of action, and no objection was interposed to it in the primary court, a misjoinder of causes of action is not available on error.

2. *Nor defective description of plaintiff.*—In an action brought by a corporation, the omission to aver its corporate existence in the complaint is not available on error, when the trial was had on the plea of the general issue, without objection to the sufficiency of the complaint.

3. *Nor misjoinder of defendants.*—In an action on a contract, against three defendants, who all pleaded the general issue, judgment on verdict having been rendered against two only, without objection on their part, they cannot reverse the judgment on error, although the statute (Code, § 2156) does not authorize a judgment for plaintiff in such case.

APPEAL from the City Court of Mobile.

Tried before the Hon. ALEX. McKINSTRY.

. THIS action was brought by the appellee, against Daniel Walker, Jacob B. Walker, and Edward F. Shields, as owners of the steamboat *Farmer*, to recover $232 21, due by open account, for work and labor done, and materials furnished said steamboat; and the further sum of $361, "premium of insurance due and payable from defendants to plaintiff, in respect of plaintiff's having underwritten a policy of insurance, on behalf of defendants, and for their account, and at their request, for the insurance of a large sum of money, to-wit, the sum of $5,000, on said

steamboat." The defendants interposed no objection to the complaint, but went to trial on the plea of the general issue. The jury returned a verdict for the defendant Shields, and against the others; and the court thereupon rendered judgment for the plaintiff, against the said Daniel and Jacob B. Walker, for the amount of damages assessed by the jury, with costs; and in favor of said Shields, for his costs.

The errors now assigned are specified in the opinion of the court.

Geo. N. Stewart, for the appellant.

P. Hamilton, *contra.*

WALKER, J.—The appellants, being defendants, interposed no objection in the court below to the pleading, process, judgment, or any of the proceedings. They now seek to reverse the judgment, upon the following grounds: 1st, that the complaint was defective; 2d, that the competency of the plaintiff to sue does not appear in the complaint; 3d, that, while the complaint is upon contracts by three defendants, a verdict was had and judgment rendered against two, and in favor of one of the defendants; 4th, that there was a misjoinder of causes of action; and 5th, that the plaintiff recovered full costs.

1. It is unnecessary for us to decide, that the complaint would have been good on demurrer. It unquestionably contains a substantial cause of action; and that being the case, the judgment would not be reversed, although there might be a misjoinder of causes of action, or other defect, not amounting to the want of a substantial cause of action.—Code, § 2405; Stewart v. Goode & Ulrick, 29 Ala. 476; Blount v. McNeill, 29 Ala. 473. It is manifest, however, that there was no misjoinder of causes of action, whether the complaint is tested by the common law, or the Code.—1 Chitty on Pleading, 200; Code, § 2235.

2. Conceding that the complaint in this case was defective, in not averring that the plaintiff was a corporation, it is too late, when the case is before this court on appeal, to make the objection, where, as in this case, the defend-

ants pleaded, and pleaded only the general issue.—Prince & Garrett v. Commercial Bank of Columbus, 1 Ala. 241; Angell & Ames on Corporations, § 632.

3. Section 2156 of the Code says, that when a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more, but is liable for costs to those against whom he does not recover. This statute cannot mean, that a recovery can be had upon a contract, described in the complaint as made by two or more, when the proof shows that it was made by a less number. To so construe the statute, would authorize a recovery upon a cause of action not embraced in the pleading, and would virtually abrogate so much of sction 2227 as requires "the presentation of the facts, or matter to be put in issue, in an intelligible form." The statute is not designed to create a right of recovery inconsistent with the complaint; but to authorize a judgment, where some of the defendants are discharged, upon grounds which do not show the absence of a right of recovery against the remaining defendants upon the pleading. The statute embraces all those cases where the plaintiff fails to recover against a part of the defendants, upon the plea of infancy, coverture, bankruptcy, or any other ground, which does not show that the cause of action is variant from the complaint. The appellants in this case might, with propriety, have asked the charge to the jury, that the plaintiff could not recover, unless the contract was made by all the defendants. But they did not ask this or any other charge. They suffered judgment to be rendered against them without an objection; and we think it is now too late for them to raise the question. Our law declares, that no judgment can be arrested, annulled, or set aside, for any matter not previously objected to, if the complaint contain a substantial cause of action.—Code, § 2405. The appellants made no objection to the return of a verdict against them alone, or to the rendition of judgment against them alone. For all that we can see, the verdict and judgment may have been consistent with their wishes at the time. The complaint contains a substantial cause of action. The appel-

·lants are, as we think, within the letter and spirit of the law; and we cannot, consistently with it, reverse or set aside the judgment.

The assignment of error upon the ground that judgment was rendered against the appellants for all the costs, is not well taken in point of fact. Judgment was rendered against the plaintiff, for the costs of the defendant who was discharged.

The judgment of the court below is affirmed.