# Jones v. Nelson's Executrix.

| 51 | 471 |
| 110 | 618 |

*Action on Promissory Note, by Payee against Makers.*

1. *Defective service of process.* — A defective or irregular service of process may be set aside on motion, but is not good matter for a plea in abatement.

2. *Amendment of summons and complaint, by striking out name of one defendant.* — In an action on a promissory note, against several defendants, one of whom is improperly joined, the summons and complaint may be amended by striking out his name. Rev. Code, § 2809.

3. *Computation of time under statute of limitations.* — An action, commenced on the 17th October, 1870, founded on a promissory note due on the 9th April, 1860, is not barred by the statute of limitations of six years (Rev. Code, § 2901), since the period of time which elapsed between the 11th January, 1861, and the 21st September, 1865, must be deducted.

APPEAL from the Circuit Court of Hale.

Tried before the Hon. M. J. SAFFOLD.

This action was brought by A. S. Nelson, " guardian " (and, on his death pending the suit, was revived in the name of his executrix), against Allen C. Jones, John R. Moore, and Rittenhouse Moore ; was commenced on the 17th October, 1870 ; and was founded on a promissory note for $1,500, dated the 9th April, 1859, payable twelve months after date, to said " A. S. Nelson, guardian," with interest from date, and signed by said A. C. Jones, John R. Moore, and Sydenham Moore, deceased. In the summons, Rittenhouse Moore was sued as the administrator of said Sydenham Moore ; but the complaint was against him individually. The copy of the summons which was served on the defendant Jones, was without date or signature ; and he filed a plea in abatement on account of this defective service, to which the court sustained a demurrer. He then pleaded the statute of limitations of six years, on which plea issue was joined. A plea in abatement was also filed by said Rittenhouse Moore, on account of a misjoinder of parties as to himself ; and the plaintiff, by leave of the court, then amended the summons and complaint, by striking out the name of said Rittenhouse Moore as a defendant. The defendant Jones insisted, as the bill of exceptions states, that striking out the name of one of the defendants, who had been served with process, was a discontinuance of the action as to the other

[Jones v. Nelson's Executrix.]

defendants, and he moved the court to render judgment to that effect; which motion the court overruled and refused, and said Jones excepted. The court charged the jury, at the request of the plaintiff, that the action was not barred by the statute of limitations of six years; and to this charge, also, an exception was reserved by the defendant Jones. These several rulings of the court are now assigned as error.

SMITH & ROULHAC, for appellant.

WALLER, PITTMAN, & WALLER, contra.

BRICKELL, J. — Generally, a plea in abatement of process must give the plaintiff a better writ. It points out defects, which, if sufficient to quash, can be avoided on suing out new process. The defect must be apparent on the face of the writ, if the matter of the plea is not a misnomer. Here, no defect in the summons or complaint, which the plea prays may be quashed, is alleged. It is not denied that these are sufficient in form and substance. The irregularity complained of is, not serving the defendant pleading with a correct copy of these. If the plea had been sustained, better process would not have been given the plaintiff. New process, in the same form, could have been sued out, and its sufficiency would have been indisputable. Hence, a defective or irregular service of process is not matter in abatement, but is ground of motion to set aside the service. *Maverick* v. *Duffee*, 1 Ala. 433. Such motion is addressed to the sound discretion of the court, and it will always be exercised, so as to prevent an injury to the defendant. If it was matter of plea in abatement, serious injury would often result to the plaintiff, who, in framing and suing out his process, conformed to the law. The process would be quashed, because of the errors of the ministerial officers of the court, and he would be driven to a new suit; and in the mean time the statute of limitations might have perfected a bar. The only injury to the defendant was an irregular service, capable of correction by a regular service; while that to the plaintiff is of a graver character, and irreparable. The court did not err in sustaining the demurrer to the plea in abatement.

2. Nor did the court err in permitting the plaintiff to amend the complaint, by striking out the name of the defendant Rittenhouse Moore. He was not sued in a representative capacity, as the administrator of Sydenham Moore (a maker of the note, averred in the complaint to have died), but individually. He was not a maker of the note, and was, therefore, improperly joined as a defendant. The statute authorizes the striking out or adding of parties, plaintiff or defendant; and

VOL. LI.

its purpose was to cure defects of misjoinder or nonjoinder of parties, plaintiff or defendant, without turning the case out of court. *Laird* v. *Moore*, 27 Ala. 326; *Mock* v. *Walker*, 42 Ala. 668.

3. Deducting the time elapsing after the maturity of the note, and prior to the commencement of this suit, between the 11th day of January, 1861, and September 21st, 1865, six years had not intervened; and, of consequence, the statute of limitations had not perfected a bar. The court did not err in the charge given, or the refusal to charge as requested by appellant. The judgment is affirmed.