[Steed v, McIntyre.]

# Steed *v.* McIntyre.

*Assumpsit for Work and Labor.*

68 407
110 618
68 407
111 257
68 407
126 306

1. *Amendments; when allowable.*—The only limitation on the right to amend a complaint in an action at law, is, that there can not be an entire change of parties, or the introduction of a new cause of action. The want of proper parties, or the misjoinder of either plaintiffs or defendants, may be cured by amendment; and any and all misdescriptions of the contract declared on may also be cured by an amendment at any time while the cause is in progress.

2. *Non-joinder of parties; how taken advantage of at common law.*—If at common law, in actions *ex contractu*, it appeared at any stage of the cause, that there was a non-joinder of parties plaintiff, the objection could be taken, and was. fatal; but as to defendants the rule was different—the omission of a joint contractor being pleadable only in abatement, unless it appeared on the face of the plaintiff's pleading, that the joint contractor was omitted, and was in life, when the defendant could avail himself of the objection by demurrer, motion in arrest of judgment, or on error.

3. *Same; non-joinder of parties defendant in actions ex contractu under the statute, no ground of objection.*—It is not consistent with the spirit or policy of the statutes of this State, framed with;the view of conferring on a plaintiff the right to maintain suits at law against any or all who may be liable to him on a contract, joint or several, to entertain in any form the objection, that there was a non-joinder of parties defendant.

APPEAL from Clay Circuit Court.
Tried before Hon. GEO. H. CRAIG.

This was an action of *assumpsit*, brought by James McIntyre, the appellee, against Alexander M. Steed and John L. Seay, the appellants, for work and labor done by the appellee at the instance and request of the appellants. On the trial it was disclosed, that the appellee was employed jointly by the appellants, and E. A. Crandall and Samuel M. McCollough. Thereupon the court allowed the appellee, against the appellant's objection, to file an amendment to his complaint alleging, in substance, that the contract of employment was made by the appellants jointly with Crandall and McCollough, and the appellants excepted. The appellants demurred to the complaint as amended,· on the ground that it set out a joint cause of action against the appellants, and Crandall and McCollough. and that Crandall and McCollough were not joined as defendants in the suit. The court overruled the demurrer, and the cause was tried upon the plea of the general issue; and the trial resulted in a verdict and

[Steed v. McIntyre.]

judgment for the appellee. The rulings of the Circuit Court above noted are here assigned as error.

JNO. T. HEFLIN, for the appellants.

BRADFORD & BRADFORD, *contra*.

(No briefs came to the hands of the reporter.)

BRICKELL C. J.—The single limitation on the right to amend a complaint in an action at law, is, that there can not be an entire change of parties, plaintiffs or defendants, or the introduction of an entirely new cause of action. The want of proper parties, plaintiff or defendant, or the misjoinder of either plaintiffs or defendants, may be cured by amendment. Any and all misdescriptions of the contract may also be cured by an amendment at any time, while the cause is in progress.—Code of 1876, § 3156. Ths original complaint was founded on a contract averred to have been made by the defendants, Steed and Seay. The amendment, averring that the contract was made by the defendants jointly with Crandall and McCollough, merely cured its misdescription in the original complaint, and was properly allowed.—I Brick. Dig. 76, § 98; *Long v. Patterson*, 51 Ala, 414.

At common law, if in actions *ex contractu* it appeared at any stage of the cause, that there was a non-joinder of parties plaintiff, the objection could be taken, and was fatal. As to defendants the rule was different—the omission of a joint contractor was pleadable only in abatement.—Chit. Pl. (16 Am. Ed.), 53; 1 Brick. Dig. 6, § 92. In *Jones v. Pitcher*, 3 Stew. & Port. 159, it was said : " This rule of practice is evidently most salutary ; it avoids the danger of defeat in many actions for the same cause, and for the want of information very often possessed by the defendants alone. By the reasonable requisition that, if they will except to the *non-joinder* of others, as defendants, they shall do so by plea in abatement, thereby disclosing their knowledge of the persons jointly liable with them ; the plaintiff need be exposed to but one defeat, and more summary justice can be done.". If, however, on the face of the pleading of the plaintiff it appeared that the joint contractors omitted were in life, the defendant could, at common law, avail himself of the objection by demurrer, motion in arrest of judgment, or on error.—1 Chit. Pl. 54. It does not appear on the face of the amended complaint, that the joint contractors omitted were in life, though the fact may have been shown in evidence. The fact resting in extrinsic evidence, a plea in abatement was the only appropriate

[Powers v. Harris.]

mode of taking advantage of the omission. But it would not be consistent with the spirit or policy of our statutes framed with the view of conferring on a plaintiff the right to maintain suits at law against any or all who may be liable to him on a contract, joint or several, now to entertain the objection, if made in any form.—*McKee v. Griffin*, 60 Ala. 427.

Affirmed.