[Jones v. Engelhardt.]

# Jones *v.* Engelhardt.

*Action on Common Counts, and to enforce Mechanic's Lien.*

1. *Amendment by striking out party defendant; discontinuance.*—In an action against several defendants, founded on a cause of action which is joint, or joint and several, a discontinuance as to one who is served with process, or an amendment striking him out as a party, except on some ground of personal defense, operates a discontinuance of the entire action.

2. *Same.*—In an action against two or more, on a joint cause of action, a recovery can not be had on proof of a separate contract made by each; but, in an action against two, if the complaint contains only the common counts, and the evidence shows a separate contract or liability on the part of one only, the name of the other may be struck out by amendment (Code, § 3156), or a discontinuance entered as to him, without affecting the right to judgment against the first.

From the Circuit Court of Montgomery.

Tried before the HON. JOHN P. HUBBARD.

This action was brought by John H. Engelhardt, against W. B. Jones and W. C. Wright, and was commenced on the 1st January, 1885. The complaint contained a special count, which sought to enforce a statutory lien in favor of the plaintiff, for work done and materials furnished by plaintiff in the construction and repair of a dwelling-house owned by said Jones, under a sub-contract made by plaintiff with said W. C. Wright, who was the original contractor; and the common counts were added. The court sustained a demurrer to the complaint, on the ground of a misjoinder of counts, and the plaintiff then struck out the special count, and elected to proceed under the common counts. The bill of exceptions states, "Both defendants were served with process; the only plea was the general issue, and there was no defense personal to said Wright, either by plea or suggestion." The plaintiff adduced on the trial, as the bill of exceptions further states, evidence showing that said Wright was the original contractor for the erection and repairs of the entire building for Jones, and employed him to furnish the materials and do all the necessary "tin work;" that Wright became sick before the completion of the work, and, being unable to finish it, abandoned the contract; and that the plaintiff afterwards completed his part of the work, on the individual promise of Jones to pay him for it. The plaintiff's agent and said Wright each testified to these facts in substance; while the defendant, testifying as a

[Jones v. Engelhardt.]

witness for himself, denied that he had made any such contract or promise. On this evidence, the plaintiff asked leave to amend his complaint, by striking out the name of said Wright as a defendant; and the court allowed the amendment, against the objection and exception of said Jones. The defendant Jones afterwards moved " to arrest and set aside the judgment," because the action was discontinued by striking out the name of Wright as a defendant; and he excepted to the overruling of his motion. These rulings are now assigned as error.

SAYRE & GRAVES, for the appellant, cited *Mock v. Walker*, 42 Ala. 668; *Kendall v. Lassiter*, 68 Ala. 181; *Reynolds v. Simpkins*, 67 Ala. 378; *Bachus v. Mickle*, 45 Ala. 445; *Givens v. Robbins*, 5 Ala. 676; *Curtis v. Gaines*, 46 Ala. 455; *Walker v. Mob. Mar. Dock Ins. Co.*, 31 Ala. 529.

RICE & WILEY, *contra*, cited *Jones v Nelson*, 51 Ala. 472; *Masterson v. Gibson*, 56 Ala. 56; *Beaver v. Hardie & Co.*, 59 Ala. 573; *Russell v. Erwin*, 38 Ala. 44; *Laird v. Moore*, 27 Ala. 326; Code, § 3156.

CLOPTON, J.—The assignments of error relate to the rulings of the court on a motion to enter a discontinuance of the action, and a subsequent motion in arrest of judgment. Both motions are founded on an amendment of the complaint, striking out the name of Wright as a defendant, and discontinuing the suit as to him. The contestation is, whether the effect of the amendment is a discontinuance of the action as against appellant.

The general rule, as settled by our uniform decisions, is not controverted, that when a suit is brought on a joint, or a joint and several contract, against two or more defendants, all of whom are served with process, an amendment of the complaint, striking out the name of one of the defendants, and discontinuing the suit as to him, operates a discontinuance of the entire action, unless the amendment is made on some ground of exemption or some defense personal, and which exonerates him from legal liability, such as coverture, infancy, the statute of limitations, or like defense.—*Reynolds v. Simpkins*, 67 Ala. 378; *Kendall v. Lassiter*, 68 Ala. 181.

But it is not every case in which the complaint may allege and describe the cause of action as a joint contract, that such amendment will operate a discontinuance. The purpose of the statute, authorizing amendments by striking out, or adding parties, plaintiff or defendant, is to cure defects arising from non-joinder or misjoinder, without having to dismiss the case.

[Jones v. Engelhardt.]

The statute authorizes the amendment, whenever there is a misjoinder of defendants, where the amendment does not make an entire change of the parties, nor change the form of action, nor substitute an entirely new cause of action.—*Laird v. Moore*, 27 Ala. 326; *Mock v. Walker*, 42 Ala. 668; *Masterson v. Gibson*, 56 Ala. 56.

Only the common counts remained, after the first amendment striking out the special count, which was founded on a sub-contractor's lien. The common counts, on which the parties proceeded to trial, alleged a joint cause of action against both defendants. On the complaint, as it thus stood, the plaintiff was not entitled to recover on proof of any other than a joint cause of action, or joint contract. The right of recovery, in such case, must not depend on a contract made by each defendant separately, not jointly, which is inconsistent with, and variant from the complaint. —*Walker v. Insurance Co.*, 31 Ala. 529. On the trial, the evidence tended to show a separate and distinct contract made by each defendant at different times—a separate and several cause of action—and a consequent misjoinder of defendants. To meet this state of the evidence, and to cure the defect of misjoinder, the plaintiff, by leave of the court, amended the complaint by striking out the name of Wright, on the ground that, in view of the evidence, he was not a proper defendant. Though the suit may be against several defendants, and the complaint allege a joint contract; if, from the evidence, it appears that one of the defendants did not in fact make the contract jointly with the others, the complaint may be amended by striking out the name of the person so improperly joined. In such case, the amendment is regarded as a correction of a misdescription of the cause of action. *Steed v. McIntyre*, 68 Ala. 407. In *Jones v. Nelson*, 51 Ala. 471, which was a suit on a note, a similar amendment was made, and it was insisted that the action was discontinued as to the other defendants. It is said: "Nor did the court err in permitting the plaintiff to amend the complaint, by striking out the name of the defendant Rittenhouse Moore. . . He was not a maker of the note, and was therefore improperly joined as a defendant. The statute authorizes the striking out or adding parties, plaintiff or defendant; and the purpose was to cure defects of misjoinder of parties, plaintiff or defendant, without turning the case out of court." The amendment, striking out the name of the defendant Wright, did not, under the circumstances, operate a discontinuance of the action as to the appellant. If the cause of action was separate and several in fact, the amendment was properly allowed. If it was joint, the remaining defendant could have protected himself against a recovery by a proper charge. Affirmed.