# Jackson *v.* Bush,

*Action on Common Counts for Work and Labor.*

1. *Joint and several contracts; variance.*—In an action against two or more persons, founded on a joint contract or promise, a recovery can not be had on proof of a separate and distinct promise by each.

2. *Conditional promise; performance of condition, and proof thereof.* When plaintiff sues for work and labor done by him in repairs on premises rented by him from defendant, and proves that defendant promised he might do the work, "if the King brothers, to whom he had given the preference, declined to do it," a recovery can not be had without proof that the work was offered to each and refused, or a good excuse shown for the failure to make the offer; and the declarations of one of them, to whom an offer was made, as to the unwillingness of another to do the work, and the absence of the third from the county, being mere hearsay, are not competent evidence of such excuses.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. JAMES AIKEN.

This action was brought by George Bush, against James L. Jackson and Thomas Price, and was commenced before a justice of the peace, on the 16th October, 1882. The cause of action, as stated in the justice's warrant, was "an action of debt by account not exceeding $100." The record does not set out any complaint filed in the Circuit Court, but the bill of exceptions states that the action, "as shown by the evidence on the trial, was upon an account composed of two classes of items, as follows: work and labor done by plaintiff in the year 1880 on the Andrew King farm in Marshall county, in making repairs, amounting to $14.40; and items for hauling seed-cotton, bagging and ties, and ginning five bales of cotton, amounting to $25—total, $39.40." The defendant Jackson pleaded *non assumpsit,* and issue was joined on that plea; but the record does not show what pleas, if any, were filed by Price.

On the trial, as the bill of exceptions states, the plaintiff adduced evidence showing that Jackson, having leased the said King farm for a term of years, sub-rented it, for the years 1879 and 1880, to his co-defendant, Price, who in turn sub-rented it to the plaintiff, for the year 1880. The lease, which was produced on the trial, was signed by both Price and Bush, the reserved rent being one-fourth of all the cotton raised, and one-third of the grain crops. "The plaintiff's evidence tended to show, also, that he refused to

[Jackson v. Bush.]

rent said farm from Price, unless said Jackson would agree to pay him for repairs ; and that said Jackson, or his agent, did thereupon agree to pay for repairs, in this way : Said Jackson, by his agent, first told plaintiff that any arrangement he made with Price, as to renting said farm, would be all right with him ; but plaintiff, not being satisfied with this, got said Price to go to Jackson to see about the repairs; and Jackson sent him word, through Price, that he was under obligation to give the preference as to repairs to the King boys, and if they would not make the repairs, then plaintiff might, and he (Jackson) would pay for the same. The evidence tended to prove, also, that the King boys were the sons of said Andrew King, and two of them at that time lived in the immediate neighborhood of said farm; that plaintiff had called on one of them to make said repairs, and he refused, stating to plaintiff that he knew one of his brothers was in Jackson county, and could not do the work, and that the one living near the farm would not make the repairs. Defendants objected to the statements of said King, as to his brothers, and what they would do, and moved to exclude the same from the jury;" and they excepted to the overruling of their objections. The plaintiff proved, also, that he made the repairs on the place, and that the amount claimed was the reasonable value thereof.

As to the items for ginning and hauling the cotton, &c., the plaintiff's evidence tended to show that he raised twenty bales of cotton on the farm during the year, five of which were to be paid as rent; that Price "turned over the written obligation for the rent to Jackson, and directed plaintiff to pay the rent to Jackson ; that plaintiff went to see said Jackson, or his agent, to know where he wanted the cotton ginned, and was told to have it ginned wherever he desired, or wherever he could do best ; that plaintiff thereupon hauled the seed-cotton to a gin in the neighborhood, had it ginned and baled, and paid for the ginning, bagging and ties ; and that said Jackson got said five bales, or the proceeds of the sale thereof."

The above being in substance all the evidence, the defendants requested the following (with other) charges to the jury, which were in writing, and which were refused by the court: (1.) " If the jury believe, from the evidence, that Price was not bound to plaintiff for or on account of any contract in evidence, then the jury must find a verdict for the defendants." (2.) "If the evidence fails to make out a case against both of the defendants, then the jury must find against the plaintiff." (4.) " As to the repairs, if the jury believe, from the evidence, that Jackson agreed with plain-

[Jackson v. Bush.]

tiff that, if he would let the King boys have the preference as to doing the repairs, and they would not make them, then he could make them, and Jackson would pay for them; and that plaintiff never gave but one of the King boys preference, while another one of them was never approached on the subject,—then the jury can not find a verdict against Jackson for any of the repairs."

The defendants excepted to the refusal of these charges, and they now assign the same as error, together with the admission of the evidence to which they excepted.

HAMILL & LUSK, for the appellants.

JNO. G. WINSTON, contra.

SOMERVILLE, J.—The complaint avers a joint contract, or cause of action, in favor of the plaintiff against the defendants, Price and Jackson. To authorize a recovery, the evidence must establish the contract or promise as alleged, not another one different in legal effect. The promise, in other words, must be shown to have been joint and not several. Separate and distinct promises to pay, made at different times, will not support a joint action against the separate promisors, although they may impose a separate liability on each of the defendants.—*Jones v. Englehardt*, 78 Ala. 505; *Walker v. Insurance Co.*, 31 Ala. 529.

One or more rulings of the court were repugnant to this principle, and were erroneous.

The promise of the defendant Jackson to pay the plaintiff for the item of repairs on his farm, was not absolute, but conditional. Having agreed to give the job jointly to three persons, who are designated in the bill of exceptions as "the King boys," Jackson was under obligation to give them the preference. The promise was to pay the plaintiff for making such repairs, provided "the King boys" would not make them. It was not sufficient for the plaintiff to show that only one of them declined the job. He should have shown that it was offered to each of the three, or else a good excuse should have been given for a failure to do so. It may be that the absence of one of these young men from the county, if proved, would have been a sufficient excuse for not communicating with him in reference to the matter; and so with the alleged unwillingness of another to do the work. But these excuses could not be proved by the mere declarations of the third brother, which were hearsay, and inadmissible for any purpose as evidence, The court should have excluded such declarations from the jury.

Reversed and remanded.