# Gamble, Adm'r, *v.* Kellum.

*Action by Widow to Recover Money Exempt from Administration.*

1. *Right of widow to sue for property when estate of her deceased husband is less than $1,000.*—The widow of a deceased resident whose personal estate is worth less than one thousand dollars, may maintain an action for money due to her deceased husband without having the claim set apart to her as exempt by the Probate Court.

2. *In action on joint contracts, proof must show all obligors bound.*

[Gamble, Adm'r, v. Kellum.]

Where the complaint alleges that the contract sued on was made by three defendants jointly, and the proof shows a contract by only two of them, there is a fatal variance.

APPEAL from the Circuit Court of Henry.

Tried before Hon. J. M. CARMICHAEL.

This action was brought by Eliza Kellum against three persons as late co-partners to recover money due to her deceased husband. Two of the defendants died during the progress of the cause and the suit was revived against their personal representatives. The evidence showed that after the dissolution of the firm of Z. W. Laney & Co., another firm composed of two of the former partners was formed, and to the evidence that this last firm owed plaintiff's husband, objection was made on the ground of variance.

The court refused to give the following charge requested by defendants: "That the plaintiff can not recover if the proof shows that either of the defendants is not liable." The admission of the testimony and the refusal to give the charge, are assigned as error.

J. G. COWAN, for appellants, cited Chitty Pl., pp. 31, 35; *Walker v. Ins. Co.*, 31 Ala. 529; *Jones v. Englehardt*, 78 Ala. 505.

WALKER & ESPY, for appellee, cited *Steed v. Barnhill*, 71 Ala. 157; *Burns v. Moore*, 76 Ala. 339; *Neff v. Edwards*, 81 Ala. 247.

HARALSON, J.—The first assignment of error brings for review the ruling of the court on the demurrer to the complaint. Appellee sues as the widow of Elijah Kellum to recover a debt alleged to be due by defendants to her deceased husband. For the purpose of showing her title to the debt, and her right to maintain the action, the complaint avers, that her husband was a resident of this State; that he did not own personal property exceeding in value one thousand dollars; that no administration has been granted upon his estate, and no personal property set apart to her as exempt from administration and debts. The suit having been commenced before the Code of 1886 went into effect, is brought under, and by virtue of the provisions of the fourth section of "An act to set apart to widows and minors the property exempt from administration and debts, without any administration thereon," approved February 12, 1885.—Acts 1884-5, 114. The section provides, "That until such setting apart or administration, the widow, or if there be no widow,

[Gamble, Adm'r, v. Kellum.]

then the guardian of such minor child or children may use the exempted property as now authorized by law, and if necessary, sue for, and recover the same or any part thereof, and may bring suit therefor as a regularly appointed administrator or guardian might do." The mode of such "setting apart" is provided by the first section of the act, as amended by an Act approved February 28, 1887. When the husband does not own personal property exceeding the amount exempted, if sixty days have elapsed since his death without the grant of administration, the judge of probate must, upon the application of the widow, appoint two commissioners to set apart the property exempted.—Acts 1886–7, 112.

The question raised by the demurrer is, whether, under the fourth section, when compared with the other sections of the act, no personal property having been set apart in the mode provided, and there being no administration, the widow is authorized to sue for the exempt property after the expiration of sixty days from the death of her husband.

The purpose of a selection is to separate the exempt property from the mass of the personal property of the deceased, thereby withdrawing it from administration, and attaching thereto the right of exemption. While, whether or not the personal property exceeds in value one thousand dollars, a selection must be made in one of the statutory modes, when there is an administration, yet, a valid selection may be made when there is no personal representative, sufficient to pass the title to the particular property selected, without pursuing any formal mode. When the property does not exceed in value one thousand dollars, and there is no administration, a selection is unnecessary; the right of exemption, in such case, attaches to the entire personal property absolutely and unconditionally. Possession, retention and use constitute a sufficient selection.—*Mitcham v. Moore*, 73 Ala. 542; *Bell v. Hall*, 76 Ala. 546; *James v. Clark*, 89 Ala. 606. The statute could not have been intended to prevent, when the conditions mentioned therein exist, the right of exemption from attaching to the property, unless set apart in the particular mode provided.

The same section declares the operation and effect of the statute, when the mode pointed out for having the property set apart as exempt, is pursued. That section makes it the duty of the commissioners appointed by the probate judge, to return to the Probate Court a complete inventory of all the personal property, with a fair valuation of the same, and then, declares, "Upon the confirmation and approval of such report by the probate judge, all the title, rights, privileges

[Gamble, Adm'r, v. Kellum.]

and immunities to such property shall vest in such widow, or such widow and minor child or children, or minor child or children, as completely as if said estate had been regularly administered upon and declared insolvent."

Proceeding on the necessity of some person being authorized to preserve the property for the uses intended, when there is no personal representative to whom the title passes, the fourth section confers on the widow, or if no widow, on the guardian of the minor children, the right and authority to sue for, and recover the same, and bring such suits as an administrator or guardian might bring. The right continues until the property is set apart, with the necessity. The limitation of sixty days were intended to allow persons interested that length of time in which to have an administrator appointed before the widow could apply to have the property set apart for her,—a limitation as to the time when she may make the application, and not upon her right to sue. The demurrer was properly overruled.

The remaining assignments of error involve the same question, and may be considered together. The defendants, three in number, are sued as late partners under the firm name of "Z. W. Laney & Co." The complaint described a joint contract made by them. The evidence showing, that Z. W. Laney & Co. were not indebted to the husband of plaintiff, and that the firm was dissolved about January 1, 1883, the court permitted the plaintiff to prove, against the objection of defendants, that her husband, at the time of his death, in 1884, had money on deposit with Balkum & Armstrong, a partnership composed of only two of the defendants. On this evidence, the jury, under the ruling of the court, returned a verdict for the defendant, Laney, and against the others; and judgment was rendered accordingly. The ruling of the court on the admissibility of the evidence, and the rendition of the judgment, it is contended, are justified by section 2609 of the Code, which declares, "When a suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one, or more." The statute was not designed to give a right of recovery against some of the defendants, when the complaint, in a suit instituted against several, describes a contract made by all jointly, on proof of a contract made by part of them. It does not create a right of recovery inconsistent with the complaint, but was intended to authorize a recovery against one or more of the defendants, when some of them are discharged from liability on the contract alleged in the complaint, upon personal defense, not negativing the

[Huntsville Belt Line & Monte Sano R'y Co. v. Corpening & Co.]

averment of a joint contract originally. In such case the contract is proved as described,—as made by all of the defendants sued,—but the plaintiff fails to recover against some on grounds, not showing a cause of action variant from, or inconsistent with the complaint. The cases cited and relied on by counsel for appellee are of this class. Certainly, the statute was not designed to allow a recovery on proof on an independent and different contract or cause of action from the one alleged in the complaint,—on matter not put in issue by the pleading. Plaintiff having proceeded to trial on the complaint as originally framed, the testimony objected to was inadmissible. On the same principles, the charges asked by defendants to the effect, that plaintiff can not recover unless the contract was made by all of them, no matter being pleaded by Laney going to his personal discharge, should have been given.— *Walker v. Insurance Co.*, 31 Ala. 529; *Jones v. Englehardt*, 78 Ala. 505.

The foregoing opinion was prepared by the late Justice CLOPTON, and adopted by the court.

Reversed and remanded.