# Cobb v. Keith, Smith & Co.

## *Action of Assumpsit.*

1. *Action to recover insurance premium; when cancellation of policy no defense, and demurrer to plea properly sustained.*—In an action by agents of an insurance company to recover a balance due them upon a premium for insurance, which was advanced by the plaintiffs for the defendant, upon his promise to re-pay the money so advanced at a certain time, the fact that, in accordance with the provision of the policy that allowed either party thereto to cancel the same upon giving five days notice of such intention, the plaintiffs, upon the defendant's failure to re-pay the premium, after giving the required notice, did cancel the policy and receive from the company the un-earned premium which they retained as a credit upon the amount so advanced, constitutes no defense; and a plea averring such facts is demurrable as presenting no answer to the complaint.

2. *Pleading; fatal variance between allegation and proof.*—Where an

[Cobb v. Keith, Smith & Co.]

action upon a contract is brought against two defendants, to entitle the plaintiff to recover, the proof must show that there was a joint cause of action; and where it is shown that the contract sued upon was with but one of the defendants, there is a fatal variance between the allegations and proof, which precludes the plaintiff's recovery.

APPEAL from the City Court of Anniston.

Tried before the Hon. A. P. AGEE, Special Judge.

This was an action of assumpsit, brought by the appellees, Keith, Smith & Co., against the appellant, Lulie C. Cobb and H. H. Cobb, her husband. The defendants pleaded the general issue and a special plea, the substance of which is stated in the opinion. The plaintiff demurred to this plea on the grounds stated in the opinion, and this demurrer was sustained, to which ruling the defendants excepted. Upon issue being joined upon the remaining pleas, the cause was tried by the court without the intervention of a jury, and, upon the hearing of all the evidence, the court rendered judgment for the plaintiffs. The defendants appeal, and assign as error the rulings of the court in sustaining the demurrer to the defendants' special plea, and the rendition of judgment in favor of the plaintiffs.

KNOX, BOWIE & PELHAM, for appellants.—When a contract is broken by one party, ordinarily the other has one of two remedies; he may sue to enforce the contract, or he may rescind. "But," says Mr. Bishop, "not every shortcoming by a party will authorize the other to rescind. The nature of the particular case must be considered, and it is probably impossible to state a rule applicable to all the varying facts. In an English case, LITTLEDALE, J., set it down as settled that, if there is only a partial failure of performance by one party to the contract, for which there may be a compensation in damages, there cannot be a rescission."—Bishop on Contracts, § 828; *Weintz v. Hafner*, 78 Ill. 27; *Franklin v. Miller*, 4 Amer. & Eng. Encyc. of Law, 599, 605. If a party disregards the contract, and so acts as to prevent performance by the other, or by his wrongful conduct destroys the consideration contracted for, he disentitles himself to the protection of its provisions, and cannot, ordinarily, recover even for advances made.—*Hanlin v.*

[Cobb v. Keith, Smith & Co.]

*Walters*, 34 Pac. Rep. 686 ; *Davis v. Ayres,* 9 Ala. 292 ; *Faxon v. Mansfield*, 2 Mass. 146.

Without regard to the other questions raised, the complaint sets out a joint cause of action, and the evidence shows, if anything, a demand against one of the defendants alone. It goes without saying, that upon this state of facts the plaintiffs were not entitled to recover. Having sued both defendants upon a joint cause of action no recovery can be had upon proof showing a liability of only one of them.—17 Amer. & Eng. Encyc. of Law, pp. 573–8. Appellees can gain no comfort from sections 2604 or 2609 of the Code. This court has frequently held that these statutes do not apply in a case like this. Plaintiff must prove his case as alleged. Where he sets up a joint contract, he cannot recover by showing a separate or several liability against one or more of the defendants.—*Walker v. Marine Dock & Mut. Ins. Co.*, 31 Ala. 529 ; *Jones v. Engelhardt*, 78 Ala. 505 ; *Jackson v. Bush*, 82 Ala. 396 ; *Gamble v. Kellum*, 97 Ala. 677.

CASSADY, BLACKWELL & KEITH, *contra.*

HEAD, J.—Keith, Smith & Co., plaintiffs in the lower court, were fire insurance agents in the city of Anniston. Lulie C. Cobb, being the owner of the Wilmer Hotel, applied to them, on the 21st day of November, 1883, for insurance on the building and furniture, and agreed if they would advance the premium for such insurance she would repay them on or before the 15th day of February, following. Keith, Smith & Co. thereupon issued the policies of insurance and advanced the premium due for same, amounting to $237.50. Mrs. Cobb failed to repay the money so advanced and Keith, Smith & Co., after giving her five days notice beforehand of their intention to do so, cancelled the said policies of insurance, on the 27th day of February, 1894. Upon the cancellation of said policies, they received from the companies which had issued them the unearned premiums due thereon for the unexpired term, aggregating $174.18, which they retained. The difference between the sum of these return premiums and the amount paid for the policies in the first instance is what is sued for in this action. All of the policies were in full force from November 21st, 1893, until Feb-

ruary 27th, 1894, and $63.32 is the premium for that time at the yearly rate. Each of the policies contained the following provision : ''This policy shall be cancelled at any time at the request of the insured, or by the company, by giving five days notice of such cancellation. If this policy should be cancelled as hereinabove provided, or become void, or cease, the premium having been actually paid, the unearned portion shall be returned on surrendering this policy or last renewal, this company retaining the customary short rate, except that when this policy is cancelled by this company by giving notice, it shall retain the *pro rata* premium.''

1. The first assignment of error is based on the court's action in sustaining a demurrer to the special plea numbered 4. This plea seems to have been drawn with a view to presenting the facts of the case and is in accordance with the statement above made. It alleges that the plaintiffs caused the policies of insurance to be cancelled by the companies issuing the same, without the authority or consent of Lulie C. Cobb, and it draws the conclusion that this action on the part of the plaintiffs was wrongful, and a repudiation by them of the obligation of their contract made with Lulie C. Cobb on the 21st day of November. The grounds of demurrer assigned to the plea are, in substance, that it is not alleged that defendants suffered any loss or injury by reason of the cancellation of the policies, and that there is no allegation that defendants did not receive the full value, in insurance, of the sum sued for. There was no error in sustaining this demurrer. The plea was no answer to the complaint, and, indeed, it shows on its face that plaintiffs had a good cause of action. They fully complied with their contract when they procured the policies of insurance to be issued and paid for the same, and in having them cancelled, it does not appear that they were guilty of any wrong to Mrs. Cobb. In so doing they were not acting for her or for themselves, but for the companies, which had the undoubted right, under the provision of the policy above set forth, to make such cancellation, without assigning any cause for so doing. But even if plaintiffs had been guilty of a wrong towards Mrs. Cobb in this matter, it was entirely independent of and separate from the original transaction, and it is not shown that Mrs. Cobb sustained any

injury or loss thereby, which is sought to be set off against plaintiffs' demand. They had the right to apply the return premiums in liquidation *pro tanto* of her indebtedness to them, and the effect of doing so was to diminish, by that amount, their claim against her. It left still due them the sum of $63.32 which they had paid for her, at her request, and if there is any reason in law or in morals why she should not repay the same, it is not disclosed by the record.

2. We regret to hold, therefore, that the judgment of the lower court must be reversed, for a reason now to be stated. H. H. Cobb was joined as a party defendant with Lulie C. Cobb. On the complaint as it thus stood, the plaintiff was not entitled to recover on proof of any other than a joint cause of action or joint contract. The evidence showed a contract made with Lulie C. Cobb alone. There does not seem to have been any attempt made to connect H. H. Cobb with the transaction, and we cannot conceive why he should have been sued. If the complaint had been amended by striking out his name, the cause might properly have proceeded to judgment against Lulie C. Cobb alone, but this was not done. Under the evidence there was a fatal variance between the allegations and the proof, and the court below erred in rendering the judgment it did.—*Gamble v. Kellum*, 97 Ala. 677; *Jones v. Engelhardt*, 78 Ala. 505; *Steed v. McIntyre*, 68 Ala. 407; *Jones v. Nelson*, 51 Ala. 471.

In order that the plaintiffs may have opportunity to correct their misdescription of the cause of action by amendment, if they so desire, the cause will be remanded to the court below.

Reversed and remanded.