# Redmond & Co. *v.* Louisville & Nashville R. R. Co. *et al.*

## *Assumpsit.*

(Decided Feb. 6, 1908.    45 South. 649.)

*Pleading; Variance; Parties.*—Notwithstanding the provisions of section 44, Code 1896, where the complaint alleges a joint contract between plaintiff and both defendants, and the evidence shows a contract with only one, and no question of misjoinder is raised by the pleading, the variance is fatal to a judgment against either defendant.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by T. B. Redmond & Co. against the Louisville and Nashville Railroad Company and others. There was judgment for defendants, and plaintiffs appeal. Affirmed.

J. J. WILLETT, for appellant. The resident engineer had the power to change the contract and bind the com-

pany on the quantum meruit, and the court improperly gave the affirmative charge for the railroad.—*Henderson Bridge Co. v. McGrath*, 134 U. S. 260; *LaFayette R. R. Co. v. Tucker*, 124 Ala. 515. It was a question for the jury to say whether or not the contract existed.—*Seals v. Edmondson*, 73 Ala. 295; *Badders v. Davis*, 88 Ala. 367; *Davis v. Badders*, 95 Ala. 348; *Electric Co. v. Elder*, 115 Ala. 140; *Anderson v. English*, 121 91a. 272; *Andrews v. Tucker*, 127 Ala. 602. When an alteration is made as in this instance on the Rock Bluff and an increased cost is rendered inevitable, and such increase was occasioned by reason of the interference of a railroad company with a sub contractor, and such interference occasioned a loss to the sub contractor, the railroad company should re-imburse them for such loss, especially if the engineer in charge promised it would do so in order to get the changes made.—30 A. & E. Ency. of Law (2nd Ed.) pp. 1278-1282-3 and 1286; 16 A. & E. Ency. of Law (2nd Ed.) pp. 187-206; *Wyandotte & R. R. Co. v. King Bridge Co.*, 100 Fed. 197; *Salt Lake City v. Smith*, 104 Fed. 457, p. 466 cited; *Hutchinson v. McGrath*, 23 Ala. 622; *Humes v. Decatur Land Co.*, 98 Ala. 461; *Abercrombie & Williams v. Vandiver*, 126 Ala. 513; *Lacey v. Terrell Coal Co.*, 31 South. 109; *Hood & League*, 108 Ala. 228; *Joseph v. Foundry Co.*, 99 Ala. 47; *Davis v. Walker*, 131 Ala. 205; *Seals v. Edmondson*, 73 Ala. 295. Neither the railroad company nor Dunn & Lallande Bros., pleaded a misjoinder of parties defendant, and if there was a misjoinder of defendants neither of the defendants called the same to the attention of the court.—*Hanley, et al. v. Lawley*, 90 Ala. 527; *Walker v. Mobile Ins. Co.*, 31 Ala. 529; *Jones v. Englehart*, 78 Ala. 505; *Brown v. Fowler*, 133 Ala. 326; *Jackson v. Bush*, 82 Ala. 396; *Blake v. Harland*, 80 Ala. 137.

[Redmond & Co. v. Louisville & Nashville R. R. Co. et al.]

KNOX, ACKER & BLACKMON, for appellee. It appears from the trial of the cause that plaintiffs proceed upon the theory that they have a claim against Dunn & Lallande Bros:, on a contract in writing, and against the L. & N. R. R. Co., by reason of an express or implied oral promise by the resident engineer without any assent or concurrence to such arrangement on the part of Dunn & Lallande Bros., and that upon the proof of these two independent and distinct contracts recover against both defendants or the one or the other as the jury may determine. This is contrary to all the established rules of pleading.—Chitty on Pleadings (16th Ed.), p. 51; *Garrison v. Hawkins,* 111 Ala. 311; *Gamble v. Kellum,* 97 Ala. 677; *Lee v. Wimberly,* 102 Ala. 539; *McAnally v. Hawkins,* 109 Ala. 397; *Jones v. Englehart,* 78 Ala. 505; *Walker v. Ins. Co.,* 31 Ala. 529; *Jackson v. Bush,* 82 Ala. 396; *Cobb v. Keith,* 110 Ala. 614.

DOWDELL, J.—The complaint is on the common counts. The plaintiffs seek to recover for work and labor done under a contract. The action is against the Louisville & Nashville Railroad Company, a corporation, and Dunn & Lallande Bros., a partnership, on a joint contract. The evidence was without dispute that there was no joint contract between the plaintiffs and defendants, and that the contract under which the plaintiffs performed the services, and on account of which they seek a recovery in this suit, was one entered into by and between the plaintiffs and the defendants Dunn & Lallande Bros., and to which the defendant the Louisville & Nashville Railroad Company was in no wise a party. The plea of general issue, among other pleas, was interposed by all of the defendants. The jury returned a verdict in favor of the defendants, on which judgment was rendered. The case was clearly one of a variance

between the allegation and the proof, which under well-settled rules of law is fatal to a right of recovery. The trial court gave the general charge in favor of the defendant the Louisville & Nashville Railroad Company, and might well have given it for all of the defendants.

It is insisted by counsel for appellants that the question of misjoinder of defendants was not raised on the pleadings, and that under the statute (section 44 of the Code of 1896) the plaintiff might recover against one or more of those jointly sued. Section 44 is as follows: "When suit is instituted against several defendants, whether sued as partners or otherwise, the plaintiff may recover against one or more." This statute has already been construed by this court, as section 2609 of a prior Code, in a case presenting the question we have before us (*Gamble v. Kellum,* 97 Ala. 677, 12 South .82), where it was said: "The statute was not designed to give a right of recovery against some of the defendants, when the complaint, in a suit instituted against several, described a contract made by all jointly, on proof of a contract made by a part of them. It does not create a right of recovery inconsistent with the complaint, but was intended to authorize a recovery against one or more of the defendants, when some of them are discharged from liability on the contract alleged in the complaint, upon personal defense not negativing the averment of a joint contract originally. In such a case the contract is proved as described—as made by all of the defendants sued—but the plaintiff fails to recover against some on grounds not showing a cause of action variant from, or inconsistent with, the complaint. The cases cited and relied on by counsel for appellee are of this class. Certainly the statute was not designed to allow a recovery on proof of an independent and different contract or cause of action from the one alleged in the complaint on matter not put

in issue by the pleadings"—citing *Walker v. Insurance Co.*, 31 Ala. 529; *Jones v. Englehardt*, 78 Ala. 505. To the same effect are the following cases: *Garrison v. Hawkins Lumber Co.*, 111 Ala. 311, 20 South. 427; *Cobb v. Keith*, 110 Ala. 614, 18 South. 325; *McAnally v. Hawkins Lumber Co.*, 109 Ala. 397, 19 South. 417; *Lee v. Wimberly*, 102 Ala. 539, 15 South. 444; *Jackson v. Bush*, 82 Ala. 396, 1 South. 175.

The question is not one of a misjoinder of parties, raised on the pleadings, but, as stated above, is one of a variance, properly raised on the trial by requested instructions to the jury, which the record discloses was done in this case. Whatever may be the rule in other jurisdictions, this court is too firmly committed to the doctrine above stated to now depart from it, even if we felt inclined that way, which we do not, as we consider the rule sound. The authorities above cited are conclusive of the appellants' case on this question. Since under the undisputed evidence the defendants were entitled to the general charge in their favor, and the jury having returned a verdict for them, the judgment will not be disturbed. Our conclusion dispenses with the necessity of considering any other questions raised and discussed by counsel.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ.. concur.