# Hughes *v.* Albertville Mercantile Co.

### *Assumpsit.*

(Decided Dec. 19, 1911. 57 South. 98.)

1. *Parties; Complaint; Amendment.*—Where the complaint alleged a joint contract made by the defendants with plaintiff, and the evidence showed that one of the defendants did not make a contract jointly with his co-defendant, but had a separate transaction with the plaintiff, section 5367, Code 1907, authorized an amendment striking out the name of such defendant, and the allowance of the amendment was not a ground for discontinuance of the action on the motion of a co-defendant.

2. *Charge of Court; Effect of Testimony.*—A charge on the effect of testimony given by the court without request therefor is prohibited by section 5362, Code 1907, and constitutes ground of reversal.

APPEAL from Marshall Circuit Court.

Heard before Hon. A. H. ALSTON.

Action by the Albertville Mercantile Company against J. W. Hughes and another. Judgment for plaintiff and defendants appeal. Reversed and remanded.

See also 56 South. 120.

A. E. HAWKINS, and JOHN A. LUSK, for appellant. The action of the court in granting the amendment and in permitting one of the defendants to be stricken. amounted to a discontinuance and defendant Hughes' motion should have been granted.—*Mock v. Walker,* 42 Ala. 668; *Bachus v. Mickle,* 45 Ala. 445; *Reynolds v. Snipkins,* 67 Ala. 378; *Masterson v. Gibson,* 56 Ala. 56; *Evans v. McDonald,* 142 Ala. 130. The charge of the court was upon effect of the evidence, and was without request, and was therefore erroneous.—Sec. 5362, Code 1907; *A. G. S. v. Frazer,* 93 Ala. 45; *Mayer v. Thompson,* 116 Ala. 634.

[Hughes v. Albertville Mercantile Co.]

STREET & ISBELL, for appellee. Although not pleaded, yet if the evidence discloses a personal defense on the part of a defendant, the plaintiff may properly discontinue as to him.—*Jones v. Nelson,* 51 Ala. 471; *Reynolds v. Simpkins,* 67 Ala. 378; *Reid v. Simmons,* 79 Ala. 524; *Englehart v. Clanton,* 83 Ala. 336; *Torrey v. Forbes,* 94 Ala. 140; *Cobb v. Keith,* 110 Ala. 614; Sec. 5367, Code 1907.

WALKER, P. J.—The complaint counts upon a joint cause of action against all of the defendants named in it. On the trial there was evidence tending to show that the account sued on was not jointly made by the two defendants, but that whatever liability the defendant Hughes (the appellant here) had incurred in reference to that account was the result of separate dealings or transactions between him and the plaintiff in regard to it. "Though the suit may be against several defendants, and the complaint allege a joint contract, if, from the evidence, it appears that one of the defendants did not in fact make the contract jointly with the others, the complaint may be amended by striking out the name of the person so improperly joined. In such case, the amendment is regarded as a correction of a description of the cause of action."—*Jones v. Englehardt,* 78 Ala. 505. Under the aspect of the evidence above mentioned, there was a fatal variance between the allegations and the proof, which was curable by an amendment of the complaint striking out one of the parties defendant; and the allowance of such an amendment did not constitute a ground for discontinuing the action on the motion of the remaining defendant.—Code, § 5367; *Jones v. Englehardt, supra; Cobb v. Keith,* 110 Ala. 614, 18 South. 325; *Jackson v. Bush,* 82 Ala. 396, 1 South. 175.

The trial court charged the jury upon the effect of the testimony, without being required to do so by one of the parties. This is forbidden by the statute, and constitutes a ground of reversal.—Code, § 5362; *Mayer v. Thompson-Hutchinson Building Co.*, 116 Ala. 634, 22 South. 859.

Reversed and remanded.