# Garrison v. Hawkins Lumber Co.

## Action to enforce Material-Man's Lien.

1. *Variance in actions on joint contracts; proof must show joint liability of defendant; suit to enforce material-man's lien.*—When in an action against two defendants the complaint alleges that the contract sued on was made by two defendants, and the claim is made against them jointly, but the proof shows a liability against only one, there is a fatal variance precluding plaintiff's recovery, even against that one, unless there is a discharge of the other defendant by reason of some personal defense; and where, in an action to enforce a material-man's lien, the complaint alleges that the contract sued on was made by two defendants, and claim is made against them jointly, and the evidence shows that the contract was made with and the material furnished to only one of the defendants, individually, there is a fatal variance between the allegations of the complaint and the proof, which prevents a recovery.

2. *Material-man's lien; statement filed in probate office need not be itemized.*—Under the provisions of the statute (Code, § 3022), it is not necessary that the statement and the claim to be filed in the office of the judge of probate, looking to the establishment of a mechanic's or material-man's lien should be itemized; all that the statute requires is that there should be a statement of a true and just account of the demands after all just credits have been given.

3. *Same; limitation of action to enforce lien.*—In the absence of an agreement that the debt should mature at a different date, the date the last item in the account sued on in an action to enforce a material-man's lien, will be regarded as the date of the maturity of the debt, within the meaning of the statute (Code, § 3041), which provides that suits for the enforcement of a mechanic's or material-man's lien must be commenced within six months after the maturity of the entire indebtedness secured thereby.

4. *Same; same; failure to plead constitutes a waiver.*—In an action to enforce a material-man's lien, failure to plead the statute of limit-

[Garrison v. Hawkins Lumber Co.]

ations as provided by section 3041 of the Code, is a waiver of such defense.

APPEAL from the Circuit Court of Jefferson.

Tried before the Hon. JAMES J. BANKS

The facts of the case are sufficiently stated in the opinion.

SMYER & SMYER, for appellant.—1. The suit was against J. Garrison and wife, Mahala B., on an alleged joint contract, for material alleged to have been sold defendants jointly. The case was tried by the court without a jury. The evidence did not connect Mahala B. Garrison, in any way, with the transaction. Judgment was rendered in favor of Mahala B. and against J. Garrison. There was a fatal variance between the allegations and the proof.—*Lee v. Wimberly*, 102 Ala. 539; *Gamble v. Kellum*, 97 Ala. 677; *Jones v. Engelhardt*, 78 Ala. 505; *McAnally v. Hawkins Lumber Co.*, 109 Ala. 397.

2. The court erred in declaring a lien upon the property. The suit was brought within the time required by law.—Code, § 3041; *Young v. Stoutz*, 74 Ala. 577; *Copeland v. Kehoe*, 67 Ala. 597.

JOHN H. MILLER, *contra.*—1. The statement filed in the office of the judge of probate was sufficient. The statute required no itemization thereof.—Code, § 3022. It is evident that all that is required by the statute is that the statement of the account should show the nature and character of the account, and the amount due. *Leftwitch Lumber Co. v. Florence M. B. L. & S. Asso.*, 104 Ala. 584.

In a joint action of assumpsit, judgment can be entered against a defendant found liable; and the one discharged by proof can have judgment in his favor.—12 Amer. & Eng. Encyc. of Law, 76; *Woodward v. Newhall*, 1 Pick. 500; *Minor v. Bank*, 1 Pet (U. S.) 46. This very question of when two are sued jointly in an action to enforce a mechanic's lien, when one only is found liable, can judgment be entered against the one so found liable, has been considered and it was decided that it was proper to enter judgment against the one indebted.—*Redman v. Williamson*, 2 Iowa, 488; Phillip's on Mechanic's Liens, 714, § 453. In a proceeeding to establish a mechanic's lien the suit

is in the nature of an equitable proceeding. Code of Ala., 1886, § 2609, allows a recovery against one or more defendeants when sued "as partners or otherwise." The property, too, being a homestead, the wife is a necessary party.—15 Amer. & Eng. Encyc. of Law, 168. When two or more defendants are sued judgment may be rendered against those who are found liable, and those not liable recover their costs.—Code of 1886, §§ 2609 and 2852; *May v. State*, 55 Ala. 164; *Walker v. State*, 61 Ala. 30; *Nutt v. State*, 63 Ala. 180; *Bedsole v. Peters*, 79 Ala. 138; *Alexander v. Wheeler*, 69 Ala. 332; *St Clair v. Caldwell*, 72 Ala. 527; *Handley v. Lawley*, 90 Ala. 527.

HARALSON, J.—The suit was instituted by appellees against appellant and Mahala B. Garrison, to enforce a mechanic's lien for lumber and materials furnished by appellees to them for building upon and improving certain lots. The case was tried below by the court without a jury, and judgment rendered in favor of Mahala B. Garrison, one of the defendants, and against the other defendant, the appellant. There was but one count in the complaint, alleging that "plaintiffs claim of defendants $235, due from them to plaintiffs for lumber and material sold by plaintiffs to them, at their request, on March 1, 1893, which said sum with interest thereon is now due and unpaid. Plaintiffs further aver that defendants bought said above lumber and materials for building upon and improving lots of land [specifically described]" &c. The complaint further avers, that on August 26, 1893, they filed a statement of their claim against said defendants, as required by statute, in the office of the judge of probate of Jefferson county. An attorney's fee of $25 was also claimed, and a lien was asked to be declared on the land to pay the same.

The defendants filed joint pleas, of the general issue; that the statement required was not filed in the probate office within 90 days from the day on which the last item of material was furnished, and that the right of lien is barred; payment, and set-off of $300. There were other pleas, but they are not insisted on. The account made out and filed in the probate office was against Jerome and Mahala B. Garrison, for $235, and is stated to have been duly verified. It was not itemized, but it

[Garrison v. Hawkins Lumber Co.]

states : "Itemized bill rendered to J. Garrison." It is admitted that J.Garrison was the owner of the property described in the complaint, and that, if the plaintiffs were entitled to attorney's fees in the case, the fee should be ten per cent. of the recovery against defendants.

It will be seen that the complaint alleges that the contract for the lumber which is sued on, was made by the two defendants, Jerome and Mahala B. Garrison, and the claim is made against them jointly. There is no proof that Mahala ever had anything to do with the purchase of the lumber, and what relation, if any, she sustained to her co-defendant; but the plaintiffs' evidence is full and clear, that they contracted with Jerome Garrison alone, and furnished the lumber to him. When the complaint alleges, as here, that the contract was made by two defendants jointly, and the proof showed a contract by one of them only, there is a fatal variance. No judgment in such case should be rendered against one of the defendants alone, no matter having been pleaded going to the personal discharge of the other.— *Gamble v. Kellum*, 97 Ala. 677 ; *Lee v. Wimberly*, 102 Ala. 539 ; *McAnally v. Hawkins Lumber Comyany*, 109 Ala. 397. The court erred, therefore, in rendering judgment against appellant

The objection against the filing of the lien in the probate office, which was within the time required by statute, (and within ninety days after the maturity of the claim), without the itemization of the account, is not tenable. The filing of the account as it appears, was a substantial compliance with the statute:—*Leftwich Lumber Co. v. Florence M. B. L. & S. Asso.*, 104 Ala. 584.

The last item on the account filed, is June 10th, 1893, which, in the absence of anything else showing that it matured by agreement at a different date, may be treated as the date of the indebtedness sought to be secured by lien. This suit was not commenced until the 20th, January, 1894, more than six months after the maturity of the claim, on June 10th preceding. Section 3041 of the Code provides, that the lien is lost "unless suit for the enforcement thereof is commenced within six months after the maturity of the entire indebtedness secured thereby." But, the defendant did not plead, and thereby waived this defense.

The evidence as to the amount remaining due on the account is conflicting, and we will not now pass on the finding of the lower court as to that matter. We are not informed how the judge arrived at the particular amount, $174.43, for which he rendered judgment against appellant, and for which he declared a lien on the property. If it included attorney's fees, it was erroneous.

Reversed and remanded.