[Cocciola, et al. v. Wood-Dickerson Supply Co.]

# Cocciola, *et al. v.* Wood-Dickerson Supply Co.

### *Bill to Enforce Mechanic's Lien.*

(Decided July 2, 1907.   44 South. 541.)

*Mechanic's Lien; Enforcement; Pleading; Variance.*—Where the bill alleged a joint contract for materials furnished between the contractor and two respondents, and the proof showed a contract with only one of the respondents, there was a variance fatal to a recovery.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Bill by the Wood-Dickerson Supply Company and another against Jennie E. Cocciola and others to enforce a materialman's lien. From a decree for complainants, defendants appeal. Corrected, rendered in part, and affirmed in part.

This was a bill to enforce a lien for building materials supplied to one Rast, who, it is alleged, had a contract with Louis and Jennie E. Cocciola to build certain houses on a lot described in the bill. It is also alleged that certain other parties had liens or claims, and they are made parties defendant to the bill. Jennie E. Cocciola filed an answer, denying that Rast was under any contract with her to construct any buildings. The court found that the amount and value of the materials furnished by complainant to said Rast under his contract with the defendants Louis and Jennie Cocciola for the erection of said buildings and improvements, including the interest, to be $5,527.86, and the amount due Wood-Dickerson & Co. by Rast under his contract with defendants to be $1,321.58, and it was accordingly ordered that the said Louis and Jennie Cocciola pay into court

[Cocciola, et al. v. Wood-Dickerson Supply Co.]

the sum of $4,549.14, and on failure to do so that the lot and buildings be sold to satisfy the lien, and from this decree this appeal is prosecuted.

A. LATADY, for appellant.—Counsel discusses at length the constitutionality of the material-man's lien law, and the right of the present appellees to purchase the lien of Rast and cites authority in support thereof. He insists that there is a variance fatal to recovery between the allegations and proof.

A. C. & H. R. HOWZE, and S. D. & J. B. WEAKLEY, for appellee.—Counsel discuss the assignments of error but cite no authority.

HARALSON, J.—The bill avers a joint contract between Louis and Jennie E. Cocciola, the defendants, and C. H. Rast, and the proof shows that the contract was with L. Cocciola alone with said Rast. This was a clear variance between the allegations and proof, which defeats a recovery of so much of the claim of the plaintiff for materials as was furnished by complainants, to said Rast, and for that part of the claim the bill cannot be sustained.

The decree below will be corrected, and one will be here rendered, disallowing that part of the claim for materials furnished said Rast, and affirming it as to the amount agreed on for the materials furnished to the defendants, Louis and Jennie E. Cocciola, allowed by the court below.

Corrected, rendered in part, affirmed in part.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.