# Harris *v.* Sanders, *et al.*

## *Assumpsit.*

(Decided April 23, 1914. 65 South. 136.)

*Pleading; Evidence; Variance; Persons Liable.*—In an action against two persons jointly for the value of the services of a physician and surgeon, rendered at their request, proof that the services were performed at the request of only one of the defendants, was fatally variant with the complaint, and would not support a judgment against that defendant alone.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Action by W. B. Sanders and others against Henry J. Harris and Jim Campbell. Judgment for defendant Campbell, and for plaintiffs against defendant Harris, and he appeals. Reversed and remanded.

The court found and stated the facts as follows: That plaintiffs, W. B. and W. S. Sanders, are practicing physicians and surgeons of a number of years' experience. That on March 3, 1911, Jim Campbell was a tenant on the place of defendant Henry J. Harris, and that on that day the stepson of Jim Campbell was shot and was carried to the house of Jim Campbell, and on the same day Dr. W. B. Sanders received a telephone message to come to the plantation of Henry J. Harris, to attend a negro who had been shot. That he immediately responded to the call, and when he reached a point near the residence of said Henry J. Harris, said Harris and his brother were in or near the roadside, and got into the automobile of the said Dr. Sanders, and went with him to the house of said Jim Campbell, where the wounded stepson was. That, on an examination by said Dr. Sanders, it was found that the wound was caused by a shot in the abdomen, and that Dr. Sanders informed the said Harris that

in his opinion the wound would prove fatal, that the only hope was in the performance of an operation, and that it would be doubtful whether that would prove successful in saving his life. That said Harris insisted on an operation and instructed said Sanders to go on and perform the operation, and said Sanders informed said Harris he would have to have the assistance of an other physician before he could perform the operation, whereupon said Harris asked him what physician he preferred, and said W. B. Sanders suggested Dr. W. S. Sanders would be a capable physician for that purpose. That said Harris said that W. S. Sanders would suit him, and told Dr. W. B. Sanders to return to Troy and get W. S. Sanders, and come back as soon as possible, and perform the operation. Sanders immediately returned to the city of Troy, got his instruments, and returned with W. S. Sanders, to the house of said Jim Campbell. That Harris was at the house of said Jim Campbell when the said Sanders returned with the other physician, and, hot water having been prepared, the said physicians while sterilizing their instruments talked with said Harris about the operation, and said Harris told them to perform the operation, and that they performed it at the instance and request of said Harris. The court further finds from the evidence that Jim Campbell was not known either to W. B. or W. S. Sanders, and that neither consulted him with reference to the operation, except to tell him, in the presence of said Harris, of the condition of the stepson, and the probable result of the operation, and that the operation was performed exclusively at the instance and request of said Harris. The court finds then that the reasonable compensation to the operator was $50, and for the assistant operator $25, that the operation was jointly performed, that the charge of $75 was jointly made, and that the physicians jointly looked to

Henry Harris alone for their compensation, and that the charges are reasonable, and rendered verdict for $75 with interest. It appears from the pleadings that Jim Campbell was jointly sued with Henry J. Harris as a party defendant, but the judgment seems to have been rendered against Henry J. Harris alone.

A. B. FOSTER, for appellee. The case made by the pleadings and that made by the proof were at fatal variance, and a judgment against neither defendant was authorized.—*Giovanni v. First Natl. Bank,* 51 Ala. 176; *Pollak v. Winter,* 171 Ala. 550; 30 Cyc. 106, 110.

D. A. BAKER, for appellee. There was no misjoinder, and even if there was, it was not available in view of the exception taken.—*Ware v. Curry,* 67 Ala. 274; *Norwood v. Mem. R. R. Co.,* 72 Ala. 563; *Lehman v. Greenhut,* 88 Ala. 478. The court was fully justified in its finding on the facts.—*Curry v. Shelby,* 90 Ala. 277.

MAYFIELD, J.—Appellees sued appellant and one Jim Campbell. The complaint contained one count which was in words and figures as follows: "The plaintiffs claim of the defendants seventy-five ($75.00) dollars, due by account for services rendered as physicians and surgeons at the request and instance of defendants on the 3d day of March, 1911, which said amount with the interest thereon is still unpaid." The trial was had on the general issue, and judgment was rendered for plaintiffs, against appellant, for $87. Judgment was rendered for the defendant Jim Campbell. The cause was tried by the court without a jury, and a special finding was had, to which some exceptions were reserved; and the defendant Harris appeals.

The record has been carefully examined, and we do not think that either the evidence or the special finding is

sufficient to support the judgment rendered. The action was a joint one by the appellees, against the appellant and Jim Campbell, and we do not think that either the proof or the finding was such as to support the joint action alleged in the complaint. The variance was fatal.— *Cocciola Co. v. Wood-Dickerson Co.*, 152 Ala. 283, 44 South. 541; *Garrison v. Hawkins*, 111 Ala. 311, 20 South. 427, and cases cited.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and GARDNER, JJ., concur.