# Vinegar Bend L. Co. *v.* Howard, Hooks & Henson.

## *Assumpsit.*

### (Decided April 23, 1914.  65 South. 172.)

1. *Partnership; Obligation; Joint Liability.*—Where several defendants were sued as partners for lumber alleged to be sold to the firm on the order of one of its members, plaintiff must show that the co-partners were bound by virtue of the buying partner's authority to bind the firm in order to recover as against the partnership.

2. *Same; Authority of Partner; Purchase of Goods.*—Whether the partnership is commercial or not, one of the partners as such, has no authority to bind the firm for a purchase of lumber for a strictly private purpose, wholly foreign to the firm's business, the seller being apprised thereof on the face of the transaction.

3. *Sale; Action by Seller; Price.*—The burden is on the seller to show either an agreement as to the price, or the reasonable value of the goods where the action is for goods sold.

APPEAL from Washington Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Action by the Vinegar Bend Lumber Company against Howard, Hooks & Henson, individually and as partners. Judgment for defendants, and plaintiff appeals. Affirmed.

The suit was for a certain sum due by account for lumber sold to defendant. The third count of the complaint claims the sum as due for lumber furnished under a contract with defendants for the building of a dwelling house, alleging that plaintiff was an original contractor, and praying for the enforcement of its lien on the house and lot. Demurrers were sustained to the third count original and as amended, and a second amendment was disallowed, and the case was tried on the first count in general assumpsit. At the conclusion of the evidence the court directed a verdict for defendant.

TURNER, WILSON & TUCKER, for appellant. The complaint was sufficient.—§ 4765, Code 1907, and cases cited. Plaintiff had a right to amend his third count as attempted.—§ 5367, Code 1907. There was a sufficient delivery.—35 Cyc. 315. The court, therefore, erred in the charges given.

GRANADE & GRANADE, for appellee. No brief reached the Reporter.

SOMERVILLE, J.—The defendants are sued upon a joint obligation to pay for some lumber ordered by and delivered to one Smith, who was employed by defendants in their turpentine business and commissary.

Smith's testimony is that he was authorized by the defendant Howard, a member of the firm of Howard, Hooks & Henson, to order lumber from plaintiff for building a dwelling house for Smith, and to have it charged to the account of Howard, Hooks & Henson; that he so ordered a bill of lumber, by a messenger of his own; and that parts of the order were actually delivered to him—enough to build the four sides of the house. This messenger carried the order, and ordered it charged to the partnership, and it was so charged.

It does not appear that the partnership ever received the lumber, or derived any advantage therefrom, nor is it claimed that either Hooks or Henson had anything to do with the making of the debt, or any knowledge of its making until afterwards, when they and the partnership declined to ratify or be bound by it.

Under the repeated rulings of this court, plaintiff could not recover in this suit without showing a joint obligation on the part of the several defendants sued.— *Handley v. Shaffer* 177 Ala. 636, 59 South. 286, and cases cited. Conceding, therefore, that *Howard* was

[Vinegar Bend L.˙ Co. v. Howard, Hooks & Henson.]

bound to the plaintiff for the value of the lumber, it was still necessary to show that his copartners were also bound by virtue of Howard's authority to bind the partnership.

It is clear that, whether the partnership was commercial or not, Howard had no authority *as a partner* to bind his firm for the purchase price of lumber for a strictly private purpose wholly foreign to its business, of which plaintiff was fully appraised on the face of the transaction.

The burden was on plaintiff to show Howard's authority as to this purchase, in order to bind the partnership, and there is nothing to show such an authority.

It results from this view of the case that the peremptory instruction for defendants was properly given, and it becomes unnecessary to consider the merit of the third count, which was eliminated by demurrer.

The burden was also upon plaintiff to show either an agreement as to the price of the lumber sold, or else what was its reasonable value. No evidence was offered as to either, and hence there was no foundation for a verdict for plaintiff.

The judgment will therefore be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.