# Sanders, *et al. v.* Harris.

### Assumpsit.

(Decided April 25, 1917. 75 South. 283.)

**Appeal and Error; Remand; Right to. Amend.**—Where the case was reversed and remanded because proof showed a contract by one of joint defendants only, the plaintiffs were entitled to amend their complaint by dropping one of the defendants, and the court erred in dismissing plaintiff's action on the ground of discontinuance.

APPEAL from Pike Law Court.

Heard before Hon. T. L. BORUM.

Action by W. B. Sanders and another against Henry J. Harris in assumpsit. From an order declining to permit plaintiff to amend his complaint and dismissing his case, plaintiff appeals. Reversed and remanded.

Transferred from the Court of Appeals under Acts 1911, p. 450.

D. A. BAKER for appellants. JOHN H. WILKERSON for appellee.

SAYRE, J.—The question presented by this appeal is altogether different from that decided on the former appeal.—*Harris v. Sanders*, 186 Ala. 350, 65 South. 136. The effect of the complaint then before the court was to allege. that the implied contract on which plaintiffs sued was a contract made by the two

[Buye v. Alabama Marble Quarries.]

defendants jointly. The evidence being then before the court, it was held that the proof showed a contract by one of them only, that there was a fatal variance, and hence that no judgment should have been rendered against one of the defendants alone.

At this time the court has not the evidence nor any question of variance before it. The only question is whether plaintiffs were entitled to amend their complaint by dropping one of the defendants, thus in effect changing it to a complaint on the implied contract of the other defendant alone, intending thus, we may assume, to bring the allegations of their complaint into harmonious relation with the effect of the evidence as declared by this court on the former appeal. It will be observed that one effect of the amendment was to change the nature of the contract alleged. It was the joint contract of two; it became the contract of one only. The amendment operated as a correction of a misdescription of the cause of action, and eliminated from the cause all occasion for an application of the rule of discontinuance as that rule is applied in cases where two or more defendants are sued on a joint undertaking. This is precisely what was allowed and done in the case of *Jones v. Englehardt*, 78 Ala. 505. The court erred in dismissing plaintiffs' action on the ground of a discontinuance.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.