(94 South. 350)

**CENTRAL OF GEORGIA RY. CO. et al. v. CAMP HILL TRADING CO.**

(5 Div. 833.)

(Supreme Court of Alabama. Oct. 26, 1922.)

1. **Railroads** ⬤⟜5½, New, vol. 6A Key-No. Series—**Corporation not liable for breaches of contract during government control.**

For breaches of contract during governmental control, and for tortious wrongs thereby suffered, the Director General, not the railroad corporation, is alone liable, and railway companies sought to be made codefendants with him in a suit commenced after termination of government control should be eliminated as parties defendant.

2. **Contracts** ⬤⟜346(15)—**Failure to prove joint contract alleged fatal variance.**

Where a complaint avers a joint contractual undertaking, and such averment is not in any degree supported by the evidence, the plaintiff is not entitled to recover against any of the defendants; the variance being fatal.

3. **Appeal and error** ⬤⟜1201(7)—**On reversal and remandment for improper joinder of parties, complaint amendable.**

Following a remandment after reversal of a judgment in a suit against railroads and the Director General, wherein they were erroneously sued jointly for losses sustained during federal control, the complaint may, without effecting a departure in the pleading, or an entire change of parties, be amended under Code 1907, § 5367, by eliminating the railroads as parties defendant, and by so conforming the complaint as to sue the liquidating agent appointed after the termination of federal control.

4. **Carriers** ⬤⟜228(5)—**Evidence held to sustain finding that mule was injured in shipment.**

Evidence that a mule was in good condition a few days before shipment, and testimony that he was still in good condition and uninjured at a point en route where he was temporarily unloaded, *held* sufficient to sustain a finding that injuries existing at the time of delivery were sustained en route.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Action by the Camp Hill Trading Company against the St. Louis-San Francisco Railway Company, the Central of Georgia Railway Company, and James C. Davis, as Director General, etc., for damages. From a judgment for plaintiff against the Central of Georgia Railway Company and the Director General, said defendants appeal. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Reversed and remanded.

Barnes & Walker, of Opelika, for appellants.

The burden is on the plaintiff to show that the animal, when delivered to the receiving carrier, was in good condition. 145 Ala. 686. Railroad corporations cannot be sued for the wrongful acts or omission of the Railroad Administration in the operation of transportation systems during the period of governmental control. 256 U. S. 41, 41 Sup. Ct. 425, 65 L. Ed. 819; 206 Ala. 341, 89 South. 710; 17 Ala. App. 623, 88 South. 196; 206 Ala. 463, 90 South. 311.

James W. Strother, of Dadeville, for appellee.

The complaint was not subject to demurrer. Code 1907, § 5548; 16 Ala. App. 569, 80 South. 143. If the defendant Central of Georgia Railway Company is not liable, the judgment for that reason should not be remanded, but should be corrected as to it, and affirmed as against the Director General alone. 126 Miss. 812, 89 South. 148; Code 1907, § 2890.

McCLELLAN, J. [1] The appellee, a partnership, sued the St. Louis-San Francisco Railroad Company, Central of Georgia Railway Company, and John Barton Payne, as Director General of Railroads. The suit was commenced on February 23, 1921, after government control and operation of railroads had terminated. Three counts, in code form, were employed to state a cause of action ex contractu (N. C. & St. L. v. Parker, 123 Ala. 683, 27 South. 323; Code form 15, Civil Code, p. 1197), for the delivery of a mule in an injured condition, the animal dying some days after delivery at destination. Subsequently Payne, as Director General, was eliminated, and "James C. Davis, as Director General of Railroads and Federal Agent liquidating claims growing out of government operation" of the two railways named as codefendants with the Director General, was substituted. The receipt, in Missouri, for transportation of this mule, along with 20 others in the same car, and their delivery in Alabama took place in January, 1920, at a time when these railroads were being operated exclusively by the United States. For breaches of contract during governmental control and operation, and for tortious wrongs thereby suffered, the Director General, not the railroad corporation, was alone liable. Missouri Pacific v. Ault, 256 U. S. 554, 41 Sup. Ct. 593, 65 L. Ed. 1087; Charlton v. A. G. S., 206 Ala. 341, 89 South. 710, among others in that line.

[2] These railway companies, sought to be made codefendants with the Director General, should have been eliminated as parties defendant. The complaint in two, if not in all three, counts averred that these railway companies and the Director General contractually, jointly, undertook "as common carriers" to receive and transport this car of mules. These material features of the counts were not sustained in any degree by

the evidence. Indeed, the exclusive governmental control and operation of these railways prevented the existence of any such character of evidence. Having averred a joint contractual undertaking, and failing in any degree to support such material allegation, the plaintiff (appellee) was not entitled to recover against any of the defendants, the variance being fatal. Garrison v. Hawkins Lumber Co., 111 Ala. 308, 311, 20 South. 427; Harris v. Sanders, 186 Ala. 350, 353, 65 South. 136, among others.

[3] The application of the indicated doctrine of the Ault and Charlton Cases to the action of the court in sustaining demurrer to the fourth plea interposed by the Central of Georgia Railway Company, averring that its railway line was under federal control, not operated by the railway company, requires the conclusion that the court erred in so ruling. Following remandment after this reversal, the complaint may, without effecting a departure in pleading, or an entire change of parties, or the introduction of a new cause of action (Code of Ala. 1907, § 5367), be amended by eliminating the railways as parties defendant, and by so conforming the complaint as to sue James C. Davis as liquidating agent; the action having been brought originally against Director General Payne and the railway companies, and later, by amendment made without objection, Davis was substituted in his official capacity. The cause of action declared on in all three counts was the same, this regardless of the erroneous description of the parties to the contract of carriage.

[4] It is insisted for appellants that there was no evidence tending to show that the animal was in good condition when loaded on the car in Missouri, and that there was no evidence tending to fix, in any degree, the place or occasion of the animal's injury. Neither of these contentions is well founded. A witness for plaintiff testified that the mule was sound on January 12, 1920, when he examined it in Missouri. This mule, with 20 others, was placed in the car on January 16th or 17th, four or five days later. In the absence of evidence to the contrary, it was open to the jury to infer that the injury was not inflicted between January 12, 1920, and the date of delivery, loading for transportation, and hence to conclude that the mule was in good condition, uninjured, when loaded and received for transportation. A witness, resident at Birmingham, Ala., testified that he inspected these mules when unloaded temporarily in Birmingham and that this one, as well as the others in the car, was in good condition and uninjured so far as he could detect. If the mule was in good, uninjured condition at Birmingham, and if it was injured when unloaded at Camp Hill, it was open to the jury to find that the injury

was suffered en route between Birmingham and Camp Hill. While these circumstances are inconclusive in the premises, they were factors in the inquiry that required the service of the jury to solve.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.