(114 So. 679)

### HAINES v. CUNHA. (5 Div. 984.)

Supreme Court of Alabama. Nov. 10, 1927.

Rehearing Denied Dec. 22, 1927.

**I. Judgment ⬱949(7)—Plea of res judicata must allege that judgment in former suit was rendered on merits.**

To plead res judicata it must be alleged that judgment in former suit was rendered on merits of cause.

**2. Judgment ⬱563(2)—Suit being defeated for nonjoinder or misjoinder of parties, judgment rendered on that issue alone is not "judgment on merits."**

Where a suit is defeated for nonjoinder or misjoinder of parties, a judgment rendered on that issue alone is not a "judgment on the merits."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Merits.]

**3. Contracts ⬱346(15)—In suit on joint contract, failure to prove joint liability precluded recovery against either defendant (Code 1923, §§ 5718, 5720).**

Where suit was confessedly against defendant and wife on joint contract, failure of the plaintiff to prove joint liability precluded recovery as against either defendant, variance being fatal, notwithstanding Code 1923, §§ 5718, 5720, permitting amendments by striking out or adding new parties.

**4. Judgment ⬱563(2)—Overruling plea of res judicata was proper where judgment for defendant in former suit because joint contract was not proved was not on merits.**

In action declaring on bank checks and common counts for work and labor, ruling against defendant's plea of res judicata was proper where judgment for defendant in former suit was rested on failure of plaintiff to establish joint contract in suit against husband and wife, and therefore was not a judgment on the merits.

Appeal from Circuit Court, Lee County; S. L. Brewer, Judge.

Action by J. D. Haines against F. C. Cunha. From a judgment granting defendant's motion for a new trial, plaintiff appeals. Transferred from the Court of Appeals, under Code 1923, § 7326. Reversed and rendered.

Walker & Barnes, of Opelika, for appellant.

A plea of res judicata must show that the former controversy was between the same parties, about the same subject-matter, and that the adjudication was upon the merits. Lange v. Hammer, 157 Ala. 322, 47 So. 724; Hall & Farley v. Ala. Term. & Imp. Co., 173 Ala. 398, 56 So. 235. In a suit by a plaintiff against two defendants jointly, if it be proven that one of the defendants is not liable and that there is no joint contract and judgment is rendered for defendants on the ground of misjoinder of parties defendant, such judgment is not on the merits and will not preclude a recovery in a suit by the same plaintiff against one of the defendants individually. McCall v. Jones, 72 Ala. 368; 34 C. J. 793. Where suit is against two defendants on a joint contract, and question of misjoinder is not raised, and the evidence shows a contract with one only, the variance is fatal to a judgment against either, notwithstanding Code 1923, § 5720. Handley v. Shaffer, 177

Ala. 636, 59 So. 286; Redmond & Co. v. L. & N., 154 Ala. 311, 45 So. 649; C. of Ga. v. Camp Hill Trading Co., 208 Ala. 315, 94 So. 350; Vinegar Bend Lbr. Co. v. Howard, 186 Ala. 451, 65 So. 172; First Nat. Bank v. Capps, 208 Ala. 207, 94 So. 109. Where suit is dismissed for defect in pleading not going to merits of the case, it is not res judicata as to a subsequent suit; plaintiff's failure or refusal to amend being immaterial. Moore v. Chatta. E. Ry. Co., 119 Tenn. 710, 109 S. W. 497, 16 L. R. A. (N. S.) 978; Tallassee v. State, 206 Ala. 169, 89 So. 514, 20 A. L. R. 1127; Hill v. Huckabee, 70 Ala. 183.

Denson & Denson, of Opelika, for appellee.

Defendant's pleas show that in the former suit the defendants jointly and severally filed plea of general issue, evidence was submitted pro and con, arguments were made by respective attorneys, and the issues decided by a jury. This was a trial on the merits. 34 C. J. 775; Humphrey v. Terry, 206 Ala. 249, 89 So. 607; Perkins v. Moore, 16 Ala. 17; McCall v. Jones, 72 Ala. 368; Roby v. Rainsberger, 27 Ohio St. 674. Under statute, judgment may be rendered against one or more of several defendants sued jointly. Code 1923, § 5718; Bolling v. Speller, 96 Ala. 269, 11 So. 300; Baldridge v. Eason, 99 Ala. 516, 13 So. 74; McKissack v. Witz, 120 Ala. 412, 25 So. 21; Tisdale v. Troy, 152 Ala. 566, 44 So. 601; Weinstein v. Citizens' Bank, 13 Ala. App. 552, 69 So. 972; Adams v. Bibby, 194 Ala. 652, 69 So. 588; Suisun L. Co. v. Fairfield Sch. Dist., 19 Cal. App. 587, 127 P. 349; Stedeker v. Bernard, 102 N. Y. 327, 6 N. E. 791. In the former suit the individual liability of each defendant was directly placed in issue by virtue of the statute, and, if such judgment was erroneous, it could have been corrected on appeal; now plaintiff and defendant must accept it as it stands. Hill v. Hooper, 21 Ala. App. 584, 110 So. 323; Code 1923, § 7700; U. S. v. Moser, 266 U. S. 236, 45 S. Ct. 66, 69 L. Ed. 262. Where it is ascertained that the matters of the two suits are the same and the issues in the former suit were broad enough to have comprehended all that is involved in the issues in the second suit, there being no question as to jurisdiction of the court or identity of parties, the former suit is res judicata as to the second. The inquiry is not what the parties actually litigated, but what they might and ought to have litigated. McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230; Crowson v. Cody, 215 Ala. 150, 110 So. 46; 34 C. J. 818; 15 R. C. L. 962.

GARDNER, J. Suit by appellant against appellee, declaring on certain bank checks and on common counts for work and labor done. Defendant interposed pleas of res adjudicata, but plaintiff's demurrer thereto was sustained.

The cause was tried before the court without a jury upon pleas of general issue, payment, and set-off, resulting in a judgment for the plaintiff. Defendant's motion for a new trial was sustained, the trial court evidently being persuaded, as we gather from brief of counsel, that he had committed error in ruling against the pleas of res adjudicata, and this appeal is by the plaintiff to review the action of the court in granting a new trial.

The only question here argued by counsel relates to the ruling on these pleas of res judicata, and plea 5 is selected as more full and complete and the argument confined thereto.

[1] The judgment pleaded in bar to the present action was rendered in a suit by this plaintiff against this defendant and his wife individually, on a joint contract. McKissack v. Witz, 120 Ala. 412, 25 So. 21. The plea does not allege, nor do the proceedings incorporated therein show, that the judgment in the former suit was rendered upon the merits of the cause. This is essential. McCall v. Jones, 72 Ala. 368; Terrell v. Nelson, 199 Ala. 436, 74 So. 929; Hall & Farley v. Ala. T. & I. Co., 173 Ala. 398, 56 So. 235; Lange v. Hammer, 157 Ala. 322, 47 So. 724.

[2] Where a suit is defeated for nonjoinder or misjoinder of parties, a judgment rendered on that issue alone is not a judgment on the merits. McCall v. Jones, supra; Terrell v. Nelson, supra.

[3] The former suit was confessedly against defendant and his wife on a joint contract, and in such case a failure of the plaintiff to prove a joint liability would preclude a recovery as against either defendant, the variance being fatal. Handley v. Shaffer, 177 Ala. 636, 59 So. 286; Vinegar Bend L. Co. v. Howard et al., 186 Ala. 451, 65 So. 172; Harris v. Sanders, 186 Ala. 350, 65 So. 136; Cent. of Ga. Ry. Co. v. Camp Hill Trading Co., 208 Ala. 315, 94 So. 350. Such is the result, notwithstanding the provisions of section 5720, Code of 1923, and of section 5718 of said Code, which permit amendments by striking out or adding new parties and thus obviate any question of discontinuance. Copeland v. Dixie Const. Co. (Ala. Sup.) 113 So. 82;[1] Crawford v. Mills, 202 Ala. 62, 79 So. 456; Plunkett v. Dendy, 197 Ala. 262, 72 So. 525. Speaking to a similar question this court, in Handley v. Shaffer, supra, said:

"The complaint avers a joint employment of the plaintiff by defendants Handley and Johnson. In such a case, as repeatedly held by this court, section 2504 of the Code (now section 5720, Code 1923) notwithstanding, proof of employment by only one of them, not participated in by the other, does not authorize a recovery against either of them. The probatum does not support the allegatum, and the variance is fatal to any right of recovery."

The holdings of the court in Harris v. Sanders, Vinegar Bend L. Co. v. Howard et al. and Cent. of Ga. Ry. Co. v. Camp Hill Co., supra, are to like effect.

[1] 216 Ala. 257.

The Ohio statute, construed in Roby v. Rainsberger, 27 Ohio St. 674, cited by counsel for appellee, appears more extensive than section 5718 of our Code, and would authorize a judgment against one defendant in such joint action, without amendment. The decisions above noted demonstrate the construction of our statute to a contrary effect, and as only so authorizing such judgment upon amendment being made as therein provided.

[4] For aught appearing in plea 5, the judgment for defendant in the former suit was rested upon a failure of the plaintiff to establish a joint contract, and therefore was not a judgment upon the merits of the cause. The converse of the proposition was presented in McCall v. Jones, supra, and it was held the former judgment was no bar, the court saying:

"The issue decided, therefore, was one of misjoinder of parties plaintiff, involving their capacity to sue, rather than the nonexistence of a meritorious cause of action in behalf of a proper plaintiff. Although the husband may have had, on the merits of the case, a good cause of action, fully sustained by the evidence; yet the action must, of necessity, have failed, because of the rule that, where several persons sue jointly as plaintiffs, they must show a joint cause of action against the defendant, and all must recover or none can do so."

That authority in principle is decisive of the instant case adversely to the sufficiency of plea 5.

We conclude therefore that the trial court ruled correctly in sustaining the demurrer to the plea of res adjudicata and incorrectly in granting a new trial.

The judgment sustaining the motion for a new trial is reversed and one here rendered denying the same.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.

