(117 So. 4)
### INGRAM LAND CO. v. WILKERSON.
### (6 Div. 274.)

Court of Appeals of Alabama.   April 17, 1928.

Rehearing Denied May 22, 1928.

J. S. McLendon, of Birmingham, for appellant.

Charles W. Greer, of Birmingham, for appellee.

480

RICE, J. One of the points chiefly relied upon by appellant for a reversal of the judgment in this case is that the trial court committed error in refusing to give the general affirmative charge in its favor—the specific contention being that the suit having been brought against appellant and another, averring a joint contractual obligation, and the proof failing to sustain the allegation as to the liability of one of such contractors, there could be no recovery against appellant, the other.

The theory underlying the principle of law relied upon by appellant in the above contention is that, where a joint contractual obligation has been averred and the evidence shows an individual obligation upon the part of one of the defendants only, there is a fatal variance between the allegations in the pleadings filed and the proof adduced at the trial. Redmond & Co. v. L. & N. R. R. Co. et al., 154 Ala. 311, 45 So. 649.

The principle of law adverted to is, no doubt, a sound one, and is fully approved by the decisions of our Supreme Court. Redmond & Co. v. L. & N. R. R. Co. et al., supra; McAnally v. Hawkins Lumber Co., 109 Ala. 397, 19 So. 417; Gamble, Adm'r, v. Kellum, 97 Ala. 677, 12 So. 82; Garrison v. Hawkins Lumber Co., 111 Ala. 308, 20 So. 427; Cent. of Ga. Ry. Co. et al. v. Camp Hill Trading Co., 208 Ala. 315, 94 So. 350; Harris v. Sanders et al., 186 Ala. 350, 65 So. 136, and other cases that might be cited.

█ However, since the adoption of rules 34 and 35 of Circuit Court Practice, Code 1923, vol. 4, pp. 906 and 907, "advantage cannot be taken of a supposed variance merely by a request for the general affirmative charge, where a permissible amendment of the complaint would remove the variance." West v. Spratling, 204 Ala. 478, 86 So. 32. There can be no doubt as to the right of appellee to have amended his complaint by striking out as a party defendant the one sued by him jointly with appellant against whom the evidence, at its close, made no case. Beitman v. Birmingham Paint & Glass Co., 185 Ala. 313, 64 So. 600; Plunkett v. Dendy et al., 197 Ala. 262, 72 So. 525. And as the record shows an agreement by appellee, in open court, that the trial judge give the general affirmative charge in favor of the defendant who was sued jointly with this appellant, it is manifest that had the variance, now urged as a reason for our holding the trial court in error for refusing to give the general affirmative charge in favor of appellant, been called to the attention of the court in the manner provided by Circuit Court Rule of Practice 34, supra, the ruling here complained of would not exist. Error will not be visited upon the refusal to give the charge in question. West v. Spratling, supra.

█ This was a suit by appellee against appellant and one Tharpe for money had and received. It was appellee's contention that he had paid to appellant the money sued for, as an advance part of the commission he would be due it for consummating a swap or exchange of certain real estate or securities owned by him for certain real estate owned by Tharpe. He contended that he was induced by fraud on the part of appellant's agent to "put up" the money sued for, and that, the swap or exchange not being consummated, he owed appellant nothing and was due to have his money back. Appellant claimed that the money in question was paid to it as the agent of Tharpe, and that the money was retained by it as Tharpe's agent. Both in the admission of testimony and in instructions to the jury, appellant had the full benefit of all the defense or defenses it claimed as against appellee's contentions. Where this is true we would not reverse the judgment of the court below for erroneously, as it no doubt did, sustaining appellee's demurrers to appellant's imperfectly, perhaps, drawn pleas of the general issue. Lookout Mountain Iron Co. v. Lea, 144 Ala. 169, 39 So. 1017.

What we have said above disposes of the rulings most strongly relied upon by appellant for reversal.

Other rulings of the trial court have been examined, but do not appear to have been prejudicially erroneous.

The case seems to have been fairly tried, and the judgment is affirmed.

Affirmed.