(130 So. 73)

**BIRMINGHAM NEWS CO. v. WHITLEY et al.**

6 Div. 678.

Supreme Court of Alabama.

June 14, 1930.

Rehearing Denied Oct. 9, 1930.

R. Du Pont Thompson and Walter S. Smith, both of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellees.

FOSTER, J.

On October 12, 1925, the plaintiff entered into a contract with defendant J. R. Whitley for the distribution of its newspapers on what they termed the North Highlands route. On the same day a bond of indemnity was executed by all the defendants conditioned in effect that Whitley will perform the contract on his part, and that they will indemnify plaintiff against any and all damages which it may sustain by reason of any breach of contract by Whitley.

Whitley began the distribution of papers under the contract and continued under it until a new contract was entered into December 31, 1926. That contract was for a different route, Ensley No. 3, and it showed that a deposit of $105 was made by Whitley with plaintiff as a guaranty of the faithful performance of that contract. The record does not clearly show whether Whitley merely added another route under this new contract, or changed his route entirely, so that thereafter he did not distribute papers on the North Highlands route at all. We, however, construe the evidence to mean that after the execution of the second contract his route was thereby entirely changed.

Plaintiff's testimony showed that Whitley worked under the agreement of December 31, 1926, covering the new route, until April 7, 1928, when he made still another contract to distribute papers "in any route assigned to him," and deposited $190 as guaranty of his faithful performance of it. He then continued under that until July 2, 1928, when he was discharged owing plaintiff $477.96. It does not appear that he again changed his route under the last contract. Plaintiff introduced an itemized verified account in its favor against Whitley. It began April 10, 1927, and extended to July 10, 1928, when he was credited with the deposit of $190 and $5 interest on it; all showing balance of $477.96. The statement shows no balance brought forward on the date when it began, April 10, 1927, and from it there appears to be no prior unsettled account. There is in evidence no statement of the account from October 12, 1925, to April 10, 1927. This verified account does not show on its face that it is the account of plaintiff against all the defendants, but only an account against the defendant Whitley. It is not sufficient therefore to sustain the claim on the common counts against all the defendants.

There was no other evidence that the other defendants were indebted to plaintiff on any account except for the breach of the bond they entered into. The bond was for the damages sustained on account of the failure to perform the contract of October 12, 1925.

■ It has been settled by a long line of our cases having in mind sections 5718 and 5720, Code, that when the count is on a joint contract a failure to prove a joint liability precludes a recovery against either defendant. Haines v. Cunha, 217 Ala. 73, 114 So. 679, and cases there cited.

■ We have shown that on December 31, 1926, and April 7, 1928, new and different contracts were made. They did not embrace the same route as that expressed in the contract secured by the bond. It needs no argument therefore to sustain the view of the circuit court that the bond did not indemnify plaintiff for the performance of the contract of December 31, 1926, or that of April 7, 1928. It also appears that by a verbal arrangement a change was made in the price of the papers to Whitley on June 1, 1927, when the News and Age-Herald consolidated. None of such changes were approved by the indemnitors on the bond. They had the right to stand on the letter of the bond, and contract as originally made, or as changed with their approval. Ala. Fid. & Cas. Co. v. Ala. Fuel & Iron Co., 190 Ala. 397, 67 So. 318; McGeever v. Terre Haute Brewing Co., 201 Ala. 290, 78 So. 66; First Nat. Bank v. Fid. & Dep. Co., 145 Ala. 335, 40 So. 415, 5 L. R. A. (N. S.) 418, 117 Am. St. Rep. 45, 8 Ann. Cas. 241.

It is immaterial on the result whether the contract of December 31, 1926, merely added a new route, or was an entire change of routes. The bond sued on does not embrace any liability on the contract for the new route. The evidence does not show any separate liability on account of the contract for the route described in the first contract. If the account in evidence embraces the amount of a liability on that route, it is so mixed up with the account of the transactions rendered under the other contracts that they are not attempted to be separated. Apparently the statement of the account shows a balance on account of papers distributed on a route not covered by the first contract and bond securing a performance of that contract and none other.

Although defendant Whitley, if he were the sole defendant, would not under this evidence be due the affirmative charge, yet because there was no joint contractual liability as claimed against all the defendants, the affirmative charge was properly given for them all. The judgment of the circuit court must therefore be affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.